R. T. HERRIN v. THE STATE.

No. 19331.  Delivered February 2, 1938.
Appeal reinstated April 13, 1938.

The opinion states the case.

*John H. Benckenstein* and *Jack M. Moore,* both of Beaumont, and *Leon O. Moses* and *Jack Roberts,* both of Austin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of operating a motor vehicle upon a public highway of this State without having affixed upon the front and rear of said motor vehicle an identification plate. His punishment was assessed at a fine of $200, from which judgment of conviction he seeks to appeal.

The record fails to show that any notice of appeal was given and entered upon the minutes of said court. It has been the uniform holding of this Court that it is necessary, to perfect an appeal from a judgment of conviction, that notice of appeal be given and the same be entered upon the minutes of the trial court. See Long v. State, 3 Texas Crim. App. 321; Lenox v. State, 55 Texas Crim. Rep. 259; Roberts v. State, 99 Texas Crim. Rep. 492.

In the absence of a showing that such notice of appeal was given and entered upon the minutes of the court as required by Article 827, C. C. P., this Court is without jurisdiction to hear and determine matters sought to be presented for review.

It is therefore ordered that the attempted appeal be, and the same is, dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION TO REINSTATE APPEAL.

GRAVES, JUDGE.—This cause was heretofore dismissed by this Court because of a failure of the notice of appeal to be passed into the minutes of the court, and under the showing now made we are constrained to reinstate this appeal and pass upon the same upon its merits.

It appears that on December 29, 1937, a truck of the Herrin Transportation Company was stopped in Orange County, Texas, by an employee of the Motor Carrier Division of the Railroad Commission of Texas, which truck did not have on it Railroad

Commission permit plates. The truck had been traveling over the highways of this State. Mr. Herrin was not on or with the truck, which was loaded with merchandise.

Mr. R. T. Herrin testified that he was president of the Herrin Transportation Company, and head thereof; that he looked after the financial end thereof, and that Mr. Jackson had charge of the dispatching of the trucks and freight shipments; that he had no immediate knowledge of this truck being operated without permit plates; that he later learned that such truck was a pick-up or bob-tail truck which had been used in Lake Charles, Louisiana, and was by some one employed by the company sent into Texas, though he could not say who sent it into Texas.

The above constitutes all the pertinent testimony embraced in the statement of facts, and the only connection therewith of the appellant is the fact that he was president of the Herrin Transportation Company. True it is that the sheriff of Orange County testified that Mr. Herrin had told witness that he would pay no drafts on him for fines assessed against his drivers unless they were first approved by him, but we confess our inability to see what bearing that could have upon appellant's guilt herein. Excluding appellant's testimony, the State has no testimony whatever to connect the appellant with the operation of this vehicle without such permit plates. Taking into consideration appellant's testimony, it is shown therefrom that he knew nothing about this truck being in Texas; that his duties had naught to do with the dispatching of trucks and the carrying of freight; that this truck was sent into Texas from Louisiana by some one other than himself. In the absence of testimony upon the part of the State that the appellant was then and there operating or causing to be operated such truck without such plates thereon, we fail to see how any criminal act or intent has been fastened upon him.

This case is one of circumstantial evidence, and we do not think that appellant's guilt has been shown with sufficient cogency to meet the requirements of the law thereunder. See Branch's Ann. P. C., Sec. 1877, p. 1042.

On account of the insufficiency of the evidence this judgment is reversed and the cause remanded.