## JOHN GILSON AND LOUIS K. GEGALOS V. THE STATE.

No. 21647. Delivered June 11, 1941.
On Motion to Reinstate Appeal October 15, 1941.

The opinion states the case.

*H. B. Galbraith* and *H. L. Yates,* both of Brownsville, for appellants.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Appellants were jointly charged, tried, and convicted of the offense of aggravated assault, the punishment assessed against each being a fine of $250.00.

The notice of appeal appears as a notation of the trial judge upon the appellant's motion for a new trial. This is not sufficient. The statute (Art. 827, C. C. P.) requires that notice of appeal be given in open court and entered of record. The term "entered of record," as appears therein, has been construed to mean an entry upon the minutes of the trial court. McGinty v. State, 116 S. W. (2d) 713, 134 Tex. Cr. R. 539; Thompson v. State, 116 S. W. (2d) 407, 134 Tex. Cr. R. 563; Herrin v. State, 115 S. W. (2d) 942, 134 Tex. Cr. R. 296.

The appeal is dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION TO REINSTATE APPEAL.

KRUEGER, Judge.

On a former day of the proceding term of this court, we dismissed the appeal in this case because the record failed to show that notice of appeal was given in open court and entered upon the minutes thereof. Since then appellant has perfected the record, showing that notice of appeal was duly given and entered upon the minutes. Hence the appeal is reinstated and the case will be disposed of on its merits.

Appellants were jointly charged by complaint and information with the offense of aggravated assault and battery. The first count charged them with having inflicted serious bodily injury upon Earl Moeller by striking him with a club and stomping him with their feet. The second count charged that on the 26th day of February, 1940, John Gilson and Louis K. Gegalos, in the Mecca Cafe Dance Hall, a place where persons were then and there assembled for the purpose of innocent amusement, "did then and there unlawfully in and upon Earl Moeller commit an aggravated assault, and did then and there with a stick and their feet, strike, wound and bruise the said Earl Moeller, etc."

The State's testimony briefly stated, shows that on the night of February 26, 1940, the appellants, in the Mecca Cafe Dance Hall, where people were then assembled for innocent amusement, did, with a club or stick, strike the said Earl Moeller, knock him down, stomp him with their feet and then drag him by his hair to the door of the dance hall and kick him out. The appellants' theory was that Moeller came to where the appellant (John Gilson) was sitting at a table in the dance hall with a young lady eating a sandwich; that Moeller came there and asked her for a dance, which she declined; that he asked her again and she refused, whereupon Gilson told Moeller that he had better go into the restaurant. In a few minutes Gilson heard a crash and when he looked in that direction he saw Moeller and Gegalos scuffling on the floor; that Gegalos was on top of Moeller; that he then pulled Gegalos off of Moeller, caught him (Moeller) by the hair and dragged him to the front door and kicked him out; that Moeller and a longshoreman came back to the door and he (Gilson) picked up a broomstick and said to them, "The first man that tries to come in, I am going to crack him over the head." When Moeller tried to come in, Gilson hit him with his fist. He said that he

did not kick or stomp Moeller, nor did he hit him with a club. The appellant Gegalos did not testify. It is our opinion that the evidence is sufficient to justify and sustain the verdict of the jury.

Bill of Exception No. 1 reflects the following occurrence; While Earl Moeller, the complaining witness, was on the stand and was being cross-examined by appellants, he was asked if, on a former trial, he did not state that at the time of the difficulty in question he was half mad, half drunk and half protecting himself, to which he replied that he did not remember having testified like that at the former trial. Thereupon, appellants' counsel read from the statement of facts of the former trial, which showed that he did so testify. The State then placed the County Attorney upon the witness-stand, who testified that at the former trial they had no court reporter; that he (County Attorney), the appellants' attorney and the court prepared the statement of facts; that the witness did not see or read it, but to the best of his knowledge the statement of facts from which counsel read contained a true statement of the facts testified to by the witness. Appellant objected to the testimony on the ground that it was an attempt on the part of the State to bolster up its witness Moeller. If we understand the record correctly, it does not bolster up the State's witness Moeller but, on the contrary, sustains appellants' contention that the complaining witness, on the former trial, did testify as claimed by appellants, because the County Attorney testified that to the best of his knowledge the statement of facts from which counsel for appellant read contained a true statement of the testimony given by the witness Moeller on the former trial. In our opinion, this was sustaining appellants' contention of the testimony given by the witness on the former trial.

No other complaint appears in the record.

It follows from what we have said that the judgment of the trial court should be affirmed, and it is so ordered.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.