Wenceslado **LEDESMA**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 04–81–00122–CR.

Court of Appeals of Texas, San Antonio.

March 23, 1983.

Rehearing Denied April 18, 1983.

Luis M. Segura, San Antonio, for appellant.

Charles R. Borchers, Dist. Atty., Dimmit County, Laredo, for appellee.

Before ESQUIVEL, CANTU and REEVES, JJ.

## OPINION

ESQUIVEL, Justice.

This is an appeal in which appellant, indicted for murder, was convicted by a jury of voluntary manslaughter. The jury assessed punishment at 15 years' confinement. We affirm.

Appellant was arrested in North Dakota on a warrant issued out of Dimmit County, charging him with the offense of murder of the deceased, Tranquilino Rodriguez, by stabbing the deceased with a knife on April 7, 1979.[1] Appellant was returned to Dimmit County by Ben Murray, Sheriff of Dimmit County, on June 6, 1979, and was confined in the County jail. On June 7th, during a custodial interrogation of appellant by Sheriff Murray, appellant signed a confession admitting he had stabbed the deceased on April 7, 1979. A short time after signing the statement, he made an oral statement to Sheriff Murray that the knife he had used was in North Dakota, and

---

1. The warrant is not included in the record. We conclude this from the statement of facts from the motion to suppress hearing and from the statement of facts of the trial. Also, the exact date of appellant's arrest in North Dakota is not shown by the record; however, there is testimony from appellant himself that he was arrested five weeks before being returned to Dimmit County.

that he would mail it to Sheriff Murray. Prior to trial, and after appellant had been released on bail and returned to North Dakota, Sheriff Murray received a knife and a scabbard in the mail from appellant, who sent them from North Dakota.

Appellant timely filed a motion to suppress both statements. At the conclusion of the suppression hearing, the court found that the confessions were voluntarily made and were admissible. The court's findings of fact and conclusions of law were reduced to writing and made a part of the record.[2]

Appellant was tried before a jury on a murder indictment charging him with stabbing the deceased with a knife on or about April 7, 1979. During the trial both confessions were admitted over appellant's objection. Also during the trial, Sheriff Murray was permitted to testify on redirect examination, over the objection of appellant that such testimony was hearsay, that he had a written statement in his file in which a witness stated that appellant stabbed the deceased. The issue of the voluntariness of appellant's confessions was submitted to the jury for its consideration. However, the court refused a charge requested by appellant on corroboration of the written confession.

■ We shall first address the issue of alleged hearsay evidence. In ground of error number six, appellant contends Sheriff Murray's testimony concerning the written statement of a non-testifying witness was inadmissible hearsay.

The following colloquy is an excerpt from the statement of facts:

[Cross examination of Sheriff Ben Murray by Mr. Cortinas, counsel for appellant:]

Q: You have already testified to that, Sheriff, that Wenceslado Ledesma is nowhere in your offense report? He is not mentioned at all.

A: No.

Q: So, where was the probable cause?

A: From information gathered from others.

Q: Which you did not put into that offense report?

A: No, I did not.

* * * * * *

Q: You have absolutely no other evidence that [sic] what you have offered here today?

A: That's all.

Q: That is all you were able to dig up from your investigation?

A: That's right.

* * * * * *

[Redirect examination of Sheriff Ben Murray by Mr. Borchers, attorney for State:]

Q: Sheriff, I will ask you to look at your file. Is this your file in this case, or part of it?

A: Yes, sir.

Q: Please look at the very first statement on top. It is a statement by one of the witnesses in this case, right?

A: Yes.

Q: Do you know his name?

A: Yes.

Q: What is his name?

A: Everardo Aguilar.

Q: He was a witness, he was one of the people at that party, right?

A: That's right.

Q: Where is he today? Do you know?

A: He may be here, I believe.

Q: What does it say, read that right in there.

MR. CORTINAS: Objection, your Honor, It is hearsay.

THE COURT: Approach the Bench, counsel.

(Brief conference held at the Bench between both counsel and the Court, outside the hearing of the jury, to-wit):

2. This appeal was abated by us on October 29, 1982. We have now received the requested findings of fact and conclusions of law from the

Honorable Ben Martinez, Judge of the 293rd District Court of Dimmit County, Texas.

MR. CORTINAS: That is hearsay. I would object to it. If he has a witness, let him bring him up.

THE COURT: (Addressing Mr. Borchers) Do you have a witness?

MR. BORCHERS: This man has opened the door. He said there is no other evidence, you do not have it in your report—. I want to show that he did.

THE COURT: You are going to read a statement from somebody else?

MR. BORCHERS: No, not read the statement, just ask if that helped you for probable cause.

MR. CORTINAS: I will get in the whole file, Judge, if I have to.

THE COURT: What I am saying is that you can bring in the fact that the name is mentioned in the other reports.

MR. BORCHERS: But his man opened the door.

MR. CORTINAS: I object to it.

MR. BORCHERS: I do not want the statement in. It's the same type of questions—

THE COURT: All right.

(End of conference at the Bench.)

Q: Have you had an opportunity to refresh your memory, Sheriff?

A: Yes, sir.

Q: Now, Sheriff, this probable cause that this gentleman has been asking you about, now that you have read that statement, would you answer his question differently now as to what some of your probable cause was?

A: Like I mentioned a minute ago, it was through information we had gotten by questioning other people within the vicinity.

Q: So, you do have a witness that says this man stabbed Tranquilino Rodriguez, don't you?

A: I do.

Q: And that was part of your probable cause—

A: That's right.

Q: —that you did not remember about earlier when he was asking you the questions, right?

A: That's right.

Sheriff Murray's testimony concerning the contents of the statement of Everardo Aguilar, constitutes common law hearsay, as presented. Consequently, appellant was denied his right to confront the witness against him. Cf. *Gasset v. State,* 532 S.W.2d 328 (Tex.Cr.App.1976). However, the record clearly shows that defense counsel questioned Sheriff Murray at length on what facts led him to conclude that there was probable cause to arrest appellant for the murder. The Sheriff's answer to the questions propounded to him by the prosecutor were responsive to the defense attorney's desire to know about probable cause. The testimony of Sheriff Murray was, in our opinion, invited and it was not error even though it was hearsay. It is well settled that probable cause may be based on hearsay. *Jones v. State,* 568 S.W.2d 847, 854 (Tex.Cr.App.1978), *cert. denied,* 439 U.S. 959, 99 S.Ct. 363, 58 L.Ed.2d 352 (1978). Appellant's ground of error number six is overruled.

With regard to the issue of the admissibility of appellant's written statement and subsequent oral statement, both of which were made to Sheriff Murray during custodial interrogation, we note that the evidence in this case supports the findings of fact and conclusions of law filed herein, as mandated by Tex.Code Crim.Proc.Ann. art. 38.22, § 6 (Vernon 1979). The disputed issue raised by appellant's brief in support of his first and second grounds of error are overruled in that there is sufficient evidence to support the court's finding that appellant knowingly, intelligently and voluntarily waived his rights as set out in the warning prescribed by art. 38.22, §§ 2(a) and 2(b). From all of the evidence and surrounding circumstances we hold that the court was correct in its determination. We overrule appellant's first and second grounds of error.

In his third ground of error, appellant further complains of the trial court's failure to grant his motion to suppress the

oral confession because the State did not meet the requirements of Tex.Code Crim. Proc.Ann. art. 38.22, § 3(c). We observe that art. 38.22, § 3(c) permits the admission of an oral confession leading to the instrument with which an accused states the offense was committed. It is appellant's argument that the State failed to show that the oral statement to Sheriff Murray itself led to the recovery of an instrument with which the offense was committed.

Sheriff Murray testified that appellant told him he would mail him the knife that he, appellant, had used to stab the deceased; that he received a knife and scabbard in the mail; and that State's Exhibit 1 was the knife that he had received in the mail from North Dakota. The appellant, testifying in his own behalf, admitted that State's Exhibit 1 was his knife and that it had been mailed to Sheriff Murray, but only so that "he could see that I never cut anybody." This conflict was resolved against the appellant by the jury when it found him guilty. Appellant argues that this conflict in testimony is evidence of the State's failure to comply with the provisions of art. 38.22, § 3(c). We find no merit to this argument and in our opinion, the statement to Sheriff Murray was admissible; it was found to be true, and tended to establish the guilt by the finding of the instrument with which appellant stated the offense was committed.

Appellant also argues that the "fruits of the statement", i.e., the knife, was inadmissible because it was shown that the knife could not have been the knife that was used. Appellant's counsel questioned Sheriff Murray at length on the size of the stab wound as compared to the width of the knife and on the depth of the stab wound as compared to the length of the knife. By doing so, appellant was attempting to show the jury that the knife in question could not have been the knife that was used to stab the deceased. This issue was resolved against him when the jury found him guilty. We overrule appellant's ground of error number three.

Appellant contends in ground of error number seven that the trial court erred in refusing to submit his requested charge to the jury on the issue of corroboration of his written confession. We find from the evidence that the *corpus delicti* of the offense was abundantly established, and therefore a charge on corroboration was not required. *Gallegos v. State,* 49 Tex.Cr.R. 115, 90 S.W. 492 (1905). It was stipulated that the deceased died of stab wounds. Appellant's own witness, Jose Jesus Lira, testified that he and his nephew, the deceased, went to a party; that he, the deceased, the appellant and several other men were involved in a fight where knives were in evidence, that he ran from the fight after getting knocked down with a baseball bat and got into the deceased's truck which was already occupied by the deceased; that the deceased drove the truck for about two blocks, collapsed and fell out of the truck; that for the first time he noticed blood on the deceased's shirt front; that he picked the deceased up and put him back in the truck and drove to the hospital emergency room where the deceased died shortly thereafter. The evidence substantially shows that the death of the deceased was caused by criminal means. Appellant's ground of error number seven is without merit.

In his fifth ground of error, appellant contends that the trial court committed error in admitting State's Exhibit 3, the emergency room records, over his timely objection that the requirements of Tex.Rev. Civ.Stat.Ann. art. 3737(e) (Vernon Supp. 1982–1983) had not been met. He cites no authorities and presents no argument directing us to what specific requirements of art. 3737(e) were not met. A search of the statement of facts reveals that his objection at trial was that the records were not proved up through the custodian and that the State further failed to produce the individual who had personal knowledge of the entries or the individual who made them. Appellant's general ground of error on appeal does not comport with the objection raised at trial. Nothing is presented to us for review and accordingly we overrule ground of error number five.

Accordingly, the judgment of conviction is affirmed.