### SEBEROS GALLEGOS v. THE STATE.

No. 3180.    Decided December 13, 1905.

**1.—Murder in Second Degree—Corpus Delicti—Confession—Charge of Court.**

On a trial for murder, while the better practice would have been to have instructed the jury as to the effect of confessions, and as to the requisite proof of the corpus delicti in conjunction therewith, yet where from the evidence there did not seem to be any doubt but that deceased came to his death by some violent agency, this in conjunction with the confession of defendant was plenary proof of his guilt, and in the absence of a requested charge, there was no error in the court failing in its general charge to instruct upon this subject.

**2.—Same—Evidence—Confession.**

On a trial for murder where the testimony is with reference to the defendant's confession, it is admissible, although it may be vague and remote.

**3.—Same—Argument of Counsel—Defendant as a Witness.**

On a trial for murder the remarks of State's counsel that defendant had friends, and why he did not introduce them to show his whereabouts was not an allusion to defendant's failure to testify.

Appeal from the District Court of Guadalupe.    Tried below before Hon. M. Kennon.

Appeal from a conviction of murder in second degree; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

*Adolph Seidmann* and *Anderson & Belden,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of murder in the second degree, and his punishment fixed at ten years confinement in the penitentiary; hence this appeal.    This is a companion case to that of Elijio Gallegos v. State, 12 Texas Ct. Rep., 762, and the inculpatory facts in the present case are essentially the same as in that case.    The evidence substantially shows that deceased, appellant and his codefendant were last seen together, late on the evening before the disapparance of Montoya.    In a day or two thereafter the body of deceased was taken out of the river.    It was shown to have a wound on the back of the head, and had a rock tied to it, but in the decomposition and swelling of the body, it floated the rock and had gone some distance down the river before it was fished out.    The corpus delicti was proven by the wounds on the head and the condition of the body, concealment in the river, etc.    Appellant's connection with the homicide was shown by his confession to a witness, Francisco Reyna.    This testimony has been held

sufficient. Anderson v. State, 34 Texas Crim. Rep., 546; Kugadt v. State, 38 Texas Crim. Rep., 681; Gallegos v. State, 12 Texas Ct. Rep., 762.

Appellant complains of the refusal of the court to instruct the jury as to the effect of appellant's confession, to wit: that although the jury might find that the State proved the confession of appellant, to the effect that he killed deceased, yet they could not find him guilty on confessions alone, unless proof of the corpus delicti was otherwise established, and there was testimony corroborating the confession. The court did not charge on this subject at all, but merely submitted the question in a general way, to the jury; that is, after defining implied and express malice, the court then instructed the jury, if they believed appellant killed deceased of his express or implied malice, to find him guilty accordingly. We think the better practice would have been to have instructed the jury as to the effect of confessions and as to the requisite proof of the corpus delicti in conjunction therewith. However, in this case there does not seem to be any doubt but that deceased came to his death by some violent agency to wit: by blows struck on the head, and that he was thus killed, and his body thrown into the river. We understand where such proof is made, in conjunction with the confession of appellant, it is plenary proof. In case of some controversy on this subject, of course a charge of the character requested should have been given.

Appellant objected to certain testimony of the witness Tanislaus Rios. We have examined said testimony, and it merely tends to show that appellant was present at the time and place when he is said to have made the confession to Reyna. The testimony is vague and remote, but that is no reason why it was not admissible.

Appellant also objected to the argument of the State's attorney, insisting that a portion thereof had reference to appellant's failure to testify. The language used was, as follows: "Where was the defendant and his brother Elijio on the night that Antonio Montoya was murdered? Defendant is a married man, with a wife and children. Why does he not show where he ate his supper on that night? Why does he not show where he slept on that night? Again, I ask where was he on that night? Defendant has friends. Why does he not introduce witnesses to establish his whereabouts on that night?" We do not construe this to be an allusion to appellant's failure to testify. There being no error in the record, the judgment is affirmed.

*Affirmed.*