JOHN L. FOSTER v. THE STATE.

No. 9270. Delivered October 7, 1925.

Rehearing denied December 2, 1925.

**1.—Robbery—Argument of Counsel—Not Improper.**

Where complaint is made that counsel for the State in his argument to the jury said in effect that appellant knows where he was at the time the offense was committed, and why did he not bring some witness to show where he was at that time. The bill of exception urged, failed to show the status of defendant's testimony at that time, and utterly fails to negative the idea that there were witnesses, other than himself, that could account for appellant's presence at the time the offense was committed, and it is not clear to us that such argument could be construed to be a reference to the failure of appellant to testify, and no error is shown. Following Boone v. State, 235 S. W. 580.

**2.—Same—Charge of Court—Two Charges on Issue—No Error Shown.**

Where the trial court gave two similar charges on the issue of principals, and on examination it is found that the charges are not identical,

but present the question in different ways, no error is shown in giving the two charges.

ON REHEARING.

**3.—Same—Argument of Counsel—No Error Shown.**

On motion for rehearing appellant urges that we were in error in our original opinion in holding that no comment on appellant's failure to testify was presented in the argument of counsel for the State. A careful re-examination of the record confirms us in the correctness of our original holding on this issue.

**4.—Same—Continued.**

The argument complained of was as follows: "He knows where he was before he went to his room. Why don't he bring witnesses here to prove it? He knows where he was, why did he not bring some witnesses to show where he was?" In qualifying this bill, the court used the following language: "It was not shown nor suggested anywhere in the evidence that he was alone at the time referred to by the district attorney." The bill shows no error. Following Gallagos v. State, 49 Tex. Crim. Rep. 116, and other cases cited. The motion for rehearing is overruled.

Appeal from the District Court of Potter County.   Tried below before the Hon. Henry S. Bishop, Judge.

Appeal from a conviction of robbery, penalty six years in the penitentiary.

The opinion states the case.

*C. F. Rudolph,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The appellant was convicted in the District Court of Potter County for the offense of robbery, and his punishment assessed at six years confinement in the penitentiary.

The alleged injured party identified the appellant as the party who at the point of a pistol held him up and robbed him of his money and certain checks which he had in his possession.

Appellant made no affirmative defense unless it can be said that a very weak and partial alibi would constitute such.

By bill of exception No. 1, complaint is made at the argument of the district attorney, the effect of which was that the appellant knows where he was at the time the offense was committed and the question was asked why he did not bring some witnesses to show where he was at that time.   The bill of ex-

ception urged fails to show the status of the defendant's testimony at that time and utterly fails to negative the idea that there were witnesses that could account for appellant's presence at the time the offense was committed. In the absence of a showing that the statute which prohibits reference to defendant's failure to testify has been violated, we have no other course but to assume that the argument was legitimate and proper. The court also qualified the bill, saying that it was not shown nor suggested anywhere in the record that appellant was alone at the time referred to by the district attorney. The bill was accepted with this explanation and in this condition of the record it shows no error. Boone v. State, 235 S. W., 580.

Bill of exception No. 2, complains at the court's action in giving two similar charges on the question of principals. The objection to these charges is that one is practically a copy of the other and that in repeating these charges it places undue emphasis upon the State's theory. We are hardly prepared to say that the charges are copies of each other; in fact, we think there is a rather clear distinction between the two charges and are not prepared to say that the giving of each of them was error.

In bill of exception number three, complaint is made at the court's action in permitting the witness Cain to correct his testimony given earlier in the trial. The record with reference to this matter displays a rather awkard and unnecessary situation but we think the objections urged to it are not tenable. It is proper and permissible for the court to permit a witness to correct a false statement that he has made at any reasonable time during the trial. We do not commend the practice of the trial court holding private conversations with a witness and receiving private information from him during the time the court was in recess, but as above stated, we think the bill of exceptions taken as a whole fails to show that any error was committed which was prejudicial to the defendant.

The above and foregoing disposes of each of the questions raised contrary to appellant's contention and, finding no error in the record, it is our opinion that the same should be in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the court.

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In an elaborate brief and forceful oral argument by attorneys who have come into the case since its affirmance, it is insisted that a reversal of the judgment should have been accorded by reason of the violation of the article of the statute forbidding the comment upon the failure of the accused to testify. An examination of the bill upon the subject reveals the fact that the district attorney, referring to the defendant, said:

"He knows where he was before he went to his room. Why don't he bring witnesses here to prove it? He knows where he was; why did he not bring some witnesses to show where he was?"

In qualifying the bill, the court used the following language:

"It was not shown nor suggested anywhere in the evidence that he was alone at time referred to by the district attorney."

It occurs to us that the bill fails to show error. The facts are analogous to the case of Gallegos v. State, 49 Texas Crim. Rep. 116, and other cases of like nature to which reference is made in Boone v. State, 235 S. W. Rep. 580.

The motion is overruled.

*Overruled.*