## McGINTY v. STATE.
### No. 19438.

Court of Criminal Appeals of Texas.
Feb. 16, 1938.

Appeal Reinstated March 23, 1938.
Rehearing Denied May 18, 1938.

Hal B. Stoneham, of Navasota, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

KRUEGER. Judge.

Appellant was convicted of the offense of theft of cattle and his punishment assessed at confinement in the state penitentiary for a term of two years.

The record in this case fails to show that any notice of appeal was given and entered upon the minutes of said court. In order to perfect an appeal from a judgment of conviction, it must be made to appear that notice of appeal was given and that the same was entered upon the minutes of the court as required by article 827, C.C.P.

In the absence of such a showing, this court is without jurisdiction to hear and determine the matters presented for review. See Long v. State, 3 Tex.App. 321; Lenox v. State, 55 Tex.Cr.R. 259, 116 S.W. 816; Roberts v. State, 99 Tex.Cr.R. 492, 269 S. W. 103; Teague v. State, 53 Tex.Cr.R. 503, 111 S.W. 405.

It is therefore ordered that the attempted appeal herein be, and the same is, dismissed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

On Motion to Reinstate Appeal.

GRAVES, Judge.

It appears from the transcript herein that although a copy of the trial judge's docket shows that a notice of appeal was given herein at the proper time, same does not appear to have been entered in the minutes of the court, and on account of such failure this appeal was dismissed. It has now been made to appear that such notice was properly given, and a record thereof made at that time not only on the court's trial docket but also in the minutes of the court, and an affidavit of the district clerk being filed herein showing such facts, and that a failure to show the record of such notice in the transcript being an inadvertence upon his part, this appeal is reinstated,

and we proceed to pass upon the merits thereof.

■ There are no bills of exception in the record, hence no ruling of the trial court that we are called upon to review.

There is some complaint in the motion for a new trial of certain remarks of the state's attorney, not objected to at the time they are supposed to have been made, and the making of such remarks are denied by the said attorney in a controverting motion. We see nothing therein that can be considered by us, but we can further say that we see no error in the purported remarks, if same had been made. The testimony seems to be sufficient that the complaining witness lost a yearling by theft, and the appellant in a proper and legal confession said that he and another took that yearling, without any extenuating circumstances being offered or shown. We can see no reason for disturbing this judgment, and it is therefore affirmed.

On Motion for Rehearing.

MORROW, Presiding Judge.

Appellant in his motion complains of the fact that we erred in our affirmance of this case because there was no corroboration of appellant's confession relative to the theft of this animal, and lays down the following proposition:

"Because the court erred in affirming said cause for the reason the court did not charge the jury that no person could be convicted upon his confession alone unless it is corroborated by other evidence."

■ In other words, he says that it is necessary to corroborate the confession of one charged with crime, when such confession directly connects such person with the crime, before a conviction can be had upon a trial for such offense.

This is not a sound legal proposition. It is true that a confession, standing alone, is not sufficient to establish the corpus delicti of an offense, but when such has been established outside of such confession, then such confession alone would be sufficient to establish the guilt of the defendant. Mr. Branch's Penal Code, p. 1049, lays down the doctrine that: "Defendant's identity as the criminal may rest alone upon his uncorroborated confession." Gallegos v. State, 49 Tex.Cr.R. 115, 90 S.W. 492; Sullivan v. State, 40 Tex.Cr.R. 633, 639, 51 S.W. 375.

That the complaining witness lost a red yearling is plain from the evidence; that some one butchered an animal near appellant's premises seems to be equally plain; that appellant admitted that tracks leading up to such place where the animal was butchered were his is also clear; that appellant sold a butchered animal, having a red hide, of about the weight of the lost yearling, at about the time the yearling was lost, also appears; that appellant, who owned no yearling, and another stole the animal in question from the complaining witness is shown by his confession.

■■ We still deem the facts sufficient to establish the theft of such animal and appellant's guilty connection therewith. The confession may be used to aid the proof of the corpus delicti. See Branch's Penal Code, p. 1049.

The motion is overruled.