Terry Eugene **GARRETT**, Appellant,

v.

The **STATE** of Texas, Appellee.

Nos. 62711, 62712.

Court of Criminal Appeals of Texas, Panel No. 3.

May 12, 1982.

Michael Byck, Dallas, for appellant.

Henry Wade, Dist. Atty. & Bruce Evan Foster, Reed Prospere & G. J. Muller, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, DALLY and TEAGUE, JJ.

## OPINION

TEAGUE, Justice.

Appellant was convicted by a jury in a consolidated trial for committing two separate robbery offenses. The trial court assessed his punishment at 13 years' confinement in the penitentiary, with the sentences to be served concurrently.

Appellant raises in his appeal only one ground of error, which relates to the prosecuting attorney's closing jury argument which was made at the guilt-innocence stage of the appellant's trial.

Appellant does not challenge the sufficiency of the evidence. Appellant neither testified nor presented any evidence during his trial. The State's evidence unequivocally established that the appellant committed the two separately charged robberies.

The prosecuting attorney, during his closing jury argument, argued to the jury: "This is a man that if his friends and family could bring you an alibi [defense] [they] would [have]." Immediately after the trial court instructed the prosecuting attorney to stay in the record, the prosecuting attorney, nevertheless, argued to the jury: "I still submit that if they had one, it would be here for you."

█ This was impermissible jury argument, because it was outside both the record and the scope of the instructions the trial court gave to the jury. It exceeded the boundaries of proper jury argument, as enunciated by this Court in *Alejandro v. State*, 493 S.W.2d 230 (Tex.Cr.App.1973); see also *Campbell v. State*, 610 S.W.2d 754 (Tex.Cr.App.1981); *Todd v. State*, 598 S.W.2d 286 (Tex.Cr.App.1980); *Dunbar v. State*, 551 S.W.2d 382 (Tex.Cr.App.1977). It is always impermissible for a prosecuting attorney to ask jurors to speculate on the law, the facts of a case, or hypothetical defenses a defendant could have presented to a jury. *Berryhill v. State*, 501 S.W.2d 86 (Tex.Cr.App.1973).

The above argument of the prosecuting attorney also constituted an indirect comment upon the appellant's failure to produce testimony other than his own. It was outside the record because there was nothing whatsoever to reflect that the appellant had any witness who could have testified to the defense of alibi.

The facts of the case show the following:

Brackett, one of the complaining witnesses, positively identified the appellant as his robber. He testified that, other than the appellant, he was the only person in the store when he was robbed.

Anderson, the other complaining witness, could not positively identify the appellant as her robber. However, her husband, who was present during the commission of his wife's robbery, positively identified the appellant as his wife's robber. The Andersons' testimony does not reflect that any one else was present when the robbery of Mrs. Anderson occurred.

█ It is basic and fundamental constitutional and statutory law in this State that the failure of an accused to testify during his trial may not be the subject of direct or indirect comment by a prosecuting attorney during his final jury argument. This is because such comment infringes upon the privilege against self-incrimination, which privilege is contained in our respective Constitutions and statutory law. Art. I, Sec. 10, Texas Constitution; Fifth Amendment to the United States Constitution; Art. 38.-08, V.A.C.C.P. See also *Nickens v. State*,

604 S.W.2d 101, 104 (Tex.Cr.App.1980); *Griffin v. California*, 380 U.S. 609, 84 S.Ct. 1229, 14 L.Ed.2d 106 (1965).

Since the predecessor of Art. 38.08, *supra*, was enacted by the Legislature in 1889, this Court has had little difficulty with a cause when the record affirmatively shows that a prosecuting attorney made a direct comment upon a defendant's failure to testify at his trial. The case will be reversed when that is shown, unless the error is harmless beyond a reasonable doubt. "The language of our statute prohibits any allusion to, as well as comment on, a defendant's failure to testify in his own behalf." *Hunt v. State*, 28 Tex.App. 149, 12 S.W. 737 (1889).

What has caused this Court problems, and concerns, is when a prosecuting attorney, as here, comments and alludes indirectly to a defendant's failure to testify or present evidence of his innocence.

These problems were unknowingly of the Court's own makings, because of its efforts to overcome the literal wording of the statutory proscription. Exceptions were created to the general rule of prohibition. "The statute does not prohibit the comment in argument upon the failure of the accused or his counsel *to present evidence.*" *Boone v. State*, 90 Tex.Cr.R. 374, 235 S.W. 580 (1921). (Emphasis Added).

Given the above interpretations of the statute, many prosecuting attorneys ceased to make direct comments upon a defendant's failure to testify, opting instead in many instances to attempt to circumvent the rule, and its exception, by indirectly rather than directly commenting on the defendant's failure to testify or adduce evidence, in the guise that it was a comment upon the defendant's failure to present evidence, and not a comment on the defendant's failure to testify.

This clever tactic of some prosecuting attorneys did not escape this Court's watchful eyes, however, as it became obvious to members of the Court that an indirect comment upon the failure of the defendant to testify can be just as hurtful as a direct one. "The consequences of the violation of the statute [are] not to be avoided by the adroitness of counsel in selecting indirect rather than direct means of disregarding it." *Boone*, id.

The Court then became more specific in drafting its exception to the general rule of prohibition. "The statute is not shown to have been infringed, however, by disclosing that counsel, in argument, used language which might be construed as an implied or indirect allusion to the failure of the accused to testify. To come within the prohibition the implication must be a necessary one; that is, one that cannot reasonably be applied to the failure of the accused to produce other testimony than his own. Where there is other evidence or the absence of other evidence, to which remarks may reasonably have been applied by the jury, the statute is not transgressed." *Boone*, Id. "The test employed is whether the language used was manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment on the accused's failure to testify. In applying this test, the facts and circumstances of each case must be analyzed to determine whether the language used was of such character." *Nickens*, supra, at page 104. "For an indirect comment to constitute reversible error, it must call for a denial of an assertion of fact by contradictory evidence that only the defendant is in a position to offer." *Nickens*, Id., at page 105. See also *Dawson v. State*, 24 S.W. 414 (Tex.Cr.App.1893).

We momentarily pause to show how this Court has in the past applied the above. In *Vickers v. State*, 154 S.W. 578 (Tex.Cr.App. 1913), the prosecuting attorney argued in part as follows: "[S]he [the prosecutrix] testified to both these transactions, and they have not dared to put a witness on the stand to contradict her testimony in any particular." Held, "These remarks were excepted to, and if they do not challenge the attention of the jury to the fact that defendant had not testified we are unable to understand the English language." In *Vickers*, prosecuting attorneys were admonished and reminded of the law: "Prosecuting officers should not thus seek to indirect-

ly call the attention of the jury to the fact that a defendant has not testified in the case. This is a right given [the defendant] in law, but he is not bound to avail himself of that privilege; and if he is willing to rest his case on the weakness of the state's case he has a right to do so." See also *Opp v. State*, 132 Tex.Cr.R. 221, 103 S.W.2d 748 (1937).

In *Cherry v. State*, 507 S.W.2d 549 (Tex. Cr.App.1974), the prosecuting attorney argued: "Now, what defenses are available to a person in a case like this? Number one, alibi, *I* was somewhere else, *I* was with someone else." After stating the general and secondary rules prohibiting making a direct as well as an indirect comment on a defendant's failure to testify, the Court held, prior to reversing the conviction: "The prosecutor plainly stated that the appellant did not tell the jury that he was at another place at the time of the offense; the choice of the word "I" contradicts any theory that the prosecutor was referring to witnesses other than the appellant."

We find that the prosecuting attorney's jury argument in this cause, as in the above causes, was not only outside the record but it also constitutes an implied or indirect allusion to the failure of the appellant to testify in this cause, because it called for a denial of an assertion of fact by contradictory evidence which only the appellant was in a position to offer. By the evidence adduced before the jury, no other person could have testified on the appellant's behalf to the defense of alibi *but the appellant* himself.

There is nothing in this record to reflect that there was before the jury the existence of any other witness who could have, or would have, testified on appellant's behalf *to anything* that would have been favorable to the appellant in the determination of his guilt. The State put on all the witnesses who were present during the commission of the two robberies. Though Mrs. Anderson could not make a positive identification of the appellant as her robber, her husband in his testimony more than made up for her lack of positive identification. Of course, the State could not have called the appel-

lant to testify. The argument of the prosecuting attorney was clearly trial error. Furthermore, the argument made violated almost all, if not all, of the elements of the test this Court has established to determine whether an improper jury argument of a prosecuting attorney is erroneous. This argument was 1) manifestly improper, harmful, and prejudicial to the appellant; 2) it was in violation of a statute; and 3) it injected into the case a non-existent fact. *Thompson v. State*, 480 S.W.2d 624 (Tex.Cr. App.1972).

In so holding, we acknowledge that there may be cases which on the surface appear to be in conflict with what we have said. However, in our research, the cases which we have found which have the appearance of holding to the contrary are distinguishable by the facts found in those opinions or by facts reflected in the records of those causes which are not reflected in the opinions. Cf., however, *Ramos v. State*, 419 S.W.2d 359 (Tex.Cr.App.1967); *Foster v. State*, 102 Tex.Cr.R. 231, 277 S.W. 1095 (1925); *Brock v. State*, 556 S.W.2d 309 (Tex.Cr.App.1977); *Gallegos v. State*, 49 Tex.Cr.R. 115, 90 S.W. 492 (1905), but in conjunction therewith, see *Gallegos v. State*, 48 Tex.Cr.R. 58, 85 S.W. 1150 (1905); *Antwine v. State*, 572 S.W.2d 541 (Tex.Cr.App.1978).

In so holding, we restate the exception: A prosecuting attorney may comment in his final jury argument on the failure of a defendant to call competent and material witnesses, when it is shown that such witnesses were available to testify on behalf of a defendant, but were not called by the defendant to testify. See also *Carrillo v. State*, 566 S.W.2d 902, 913 (Tex.Cr.App. 1978); *Rodgers v. State*, 486 S.W.2d 794 (Tex.Cr.App.1972); *Torres v. State*, 552 S.W.2d 821, 825 (Tex.Cr.App.1977).

Finding that the prosecuting attorney's jury argument was error, is there a reasonable possibility that it contributed to the appellant's conviction? Was it harmless error beyond a reasonable doubt? *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). The test to determine whether or not the error is harmless

error is not whether a conviction could have been had without the improper argument, but whether there is a reasonable possibility that the argument complained of might have contributed to the conviction. Under this Court's decisions, it is also necessary to look at the evidence adduced at the guilt-innocence stage, as well as that adduced at the punishment stage of the trial, in making this determination. *Clemons v. State*, 605 S.W.2d 567, 571 (Tex.Cr.App.1980); *Jordan v. State*, 576 S.W.2d 825 (Tex.Cr.App. 1979). See also Ringel, *Searches and Seizures, Arrests and Confessions*, Vol. I, Sec. 20.7(c), p. 27, 2nd Ed. (1980).

We have carefully reviewed the record concerning the guilt-innocence stage of the trial and have concluded that the evidence was overwhelming, if not beyond all doubt, that the appellant committed the two offenses. Thus, the error was harmless as to the jury's finding the appellant guilty of the two offenses. The punishment which was assessed by the trial judge occurred pursuant to an agreement of the parties. Thus, the error could not have affected the appellant's punishment. We, therefore, reluctantly find that the error was harmless beyond a reasonable doubt. Cf. *Mc Kenzie v. State*, 617 S.W.2d 211 (Tex.Cr.App.1981). E.g., *Johnson v. State*, 611 S.W.2d 649 (Tex. Cr.App.1981).

The judgments are affirmed.

DALLY, J., concurs in result.

ODOM, Judge, concurring.

I do not join in the elaborate and controversial discussion of error in the majority opinion because the error is obviously harmless. I concur in the results only.