**Joseph Leonard GOREE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 076–84.**

Court of Criminal Appeals of Texas,
En Banc.

May 2, 1984.

Catherine E. Brown Dodson, Amarillo, for appellant.

Randall E. Sherrod, Dist. Atty., Canyon, Robert Huttash, State's Atty., Austin, for the State.

## DISSENTING OPINION TO COURT'S REFUSAL TO GRANT APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

TEAGUE, Judge.

Joseph Leonard Goree, appellant, has filed a petition for discretionary review in which he asserts that the Amarillo Court of Appeals, in affirming his conviction for committing the aggravated robbery of Jenny Kent, the complainant, was correct in holding that "the trial court erred in permitting the complainant to testify that she employed fifteen to twenty employees, including one Jerry Don Kelly who had been discharged several months before the offense, all of whom were cognizant of her having on hand large sums of money," as well as being correct in holding that the trial court erred in admitting into evidence the testimony of Amarillo police officer Gerald Entrop, "that a Jerry Don Kelly had, for a time, lived with one Glenn Johnson, who in turn later lived in a motel room adjacent to that occupied by appellant."

The basis for the rulings of the Court of Appeals was that "the evidence was not shown to be relevant to any issue in the case, and it should have been excluded when the State failed to establish that Mrs. Kent and officer Entrop had reference to the same Jerry Don Kelly and that there was a connection between Kelly and appellant."

Appellant, however, assails the holding of the Court of Appeals that the errors were harmless. The Court of Appeals held: "In light of the positive identification testimony of Mrs. Kent, we conclude that receipt of the irrelevant testimony constitutes harmless error."

Like appellant, I am unable to agree with this conclusion. The test to determine whether error is harmless is not whether a conviction could have been had without the improperly admitted evidence, but, instead, whether there is a reasonable possibility that the improperly admitted evidence might have contributed either to the conviction or the punishment assessed. *Garrett v. State,* 632 S.W.2d 350, 353–354 (Tex.Cr. App.1982).

Although I find, in accordance with *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), that any rational trier of fact could find guilt beyond a reasonable doubt, I am unable to agree with the Court of Appeals that "[i]n light of the positive identification testimony of Mrs. Kent ..., receipt [by the jury] of the irrelevant testimony constitutes harmless error."

The only evidence linking appellant to the commission of the offense for which he was convicted by the jury was the testimony of the complainant. However, though sufficient to sustain the conviction, it is not all that impressive because, among other reasons, she testified that she only had opportunity to observe her robber for only a "few seconds," when she was "scared to death." Also, her initial description of her robber was that the person was a light skinned black male, 5'8" tall, who had a mustache but no beard. Appellant, however, is a dark skinned black male, 6'1" tall, who had a mustache and beard.

With the above complained of evidence admitted into evidence, the prosecuting at-

torney argued at the guilt stage of the trial, inter alia, the following to the jury:

Now, the State does not have to prove motive in a case or why someone did something.

But we do have to show that someone did something. We have proved that someone did something. We have proved that through her testimony. We have showed you the why—we threw in the why because we happened to have that evidence. Detective Entrop got up here, if you recall—Mrs. Kent got up and testified that she had fired an employee from her business, Mr. Jerry Don Kelly.

Well, Mr. Kelly was living with a Mr. Johnson. And then later on, Mr. Johnson was living right next door in the Caravan Hotel to who? Mr. Goree [appellant].

That is why he [referring to appellant] knew to hit that particular house.

Mr. Kelly was familiar with the money that was taken in at the business, that they had large amounts of money taken in on Friday nights. And that is the connection there.

Now, like I said, we don't have to show you that. We didn't have to put on that evidence. But we thought we would bring that forward for your information.

Appellant testified at the punishment stage of the trial and denied committing the offense. His punishment was assessed by the jury at 40 years' confinement in the penitentiary.

The question that this Court must decide is whether the improperly admitted evidence was harmless beyond a reasonable doubt, either as to guilt or punishment.

As to guilt, and especially in light of the prosecuting attorney's above jury argument, I find that there is a reasonable possibility the improperly admitted evidence might have contributed to the jury finding appellant guilty.

In *Clemons v. State,* 605 S.W.2d 567 (Tex.Cr.App.1980), after finding that evidence had been improperly admitted during the defendant's trial, this Court stated the

following: "Our conclusion [that the error was not harmless] is buttressed by the prosecutor's request to the jury to consider this inadmissible evidence in assessing punishment ..., as well as what seems to us to have been the probable impact on the minds of an average jury during the punishment phase of the trial."

Although the prosecution in the final argument at the punishment stage of the trial did not refer directly to the improperly admitted evidence, nevertheless, I am unable to believe that there is not a reasonable possibility that the improperly admitted evidence did not contribute to the punishment that was assessed.

Appellant's petition for discretionary review should be granted and the conviction reversed. To the majority's failure to so order, I respectfully dissent.