Donald Glen LEWIS, Appellant,

v.

The STATE of Texas, State.

No. 2–85–021–CR.

Court of Appeals of Texas,
Fort Worth.

July 10, 1985.

Law Offices of Hendricks & Parker and William L. Schultz, Plano, for appellant.

Henry Wade, Crim. Dist. Atty., and Mary Jo Kain, Asst. Crim. Dist. Atty., Dallas, for State.

Before BURDOCK, HILL and HOP-KINS, JJ.

## OPINION

HOPKINS, Justice.

This is an appeal from a conviction of aggravated robbery, TEX.PENAL CODE ANN. sec. 29.03 (Vernon 1974), after defendant had pleaded "not guilty". Following a plea of "true" to a habitual offender allegation, the jury assessed punishment at 99 years confinement in the Texas Department of Corrections.

We affirm the judgment.

Appellant assigns two grounds of error, each based upon improper jury argument by the State, once during the guilt-innocence phase and once during the punishment phase of the trial.

■ The argument and objection made during the guilt-innocence stage is as follows:

[Prosecutor]: Each side can call any witness and have them come down here. And where are the Defense witnesses? They can have them come down here and say I was with Donald Lewis and he was never at the Radio Shack. He was never

there. He was with me all day. We were watching the ball game.

[Defense Attorney]: At this time I have to object to this line of argument as commenting on the failure of the Defense to offer any evidence in the case, any witnesses.

I would respectfully move for a mistrial.

THE COURT: Overruled.

[Defense Attorney]: Note our exception.

[Prosecutor]: Where are all these people to say they were with the Defendant? With a fine Defense attorney like this, don't you know you would have heard it?

The manner of stating the objection and then moving for a mistrial before obtaining a ruling on the objection makes it unclear as to whether the court was overruling the objection or overruling the motion for mistrial. If the former, then error was properly preserved. If the latter, then error was not properly preserved because defense counsel failed to obtain an adverse ruling on his objection and failed to request an instruction for the jury to disregard the statements of the prosecutor. For purposes of this appeal, we will treat the ruling as having been on the objection and we hold that error was therefore properly preserved.

■ The appellant did not present any evidence and the issue of an alibi was not presented to the jury in any manner, other than by the State's jury argument. For the State to comment on possible defenses available to a defendant and to speculate on the availability of the witnesses and the testimony they might possibly offer is unquestionably improper and must be discouraged. *Garrett v. State*, 632 S.W.2d 350, 351 (Tex.Crim.App.1982).

■ The purpose of closing argument is to facilitate the jury in properly analyzing the evidence presented at trial so that it may arrive at a just and reasonable conclusion based on the evidence alone and not on any fact not admitted in evidence. *Campbell v. State*, 610 S.W.2d 754, 756 (Tex.

Crim.App.1980). To be permissible, jury argument must fall within one of the following four general areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; (4) plea for law enforcement. *Darden v. State*, 629 S.W.2d 46, 52 (Tex.Crim.App.1982); *Alejandro v. State*, 493 S.W.2d 230, 231–32 (Tex.Crim. App.1973).

When an argument exceeds the permissible bounds of the above areas, such will not constitute reversible error unless, in light of the record as a whole, the argument is extreme or manifestly improper, violative of a mandatory statute, or injects new facts harmful to the accused into the trial proceeding. *Mathews v. State*, 635 S.W.2d 532, 539 (Tex.Crim.App.1982); *Todd v. State*, 598 S.W.2d 286, 296 (Tex.Crim.App. 1980).

■ The test to determine whether improper jury argument is harmless error is not whether a conviction could have been had without the improper argument, but whether there is a reasonable possibility that the argument complained of might have contributed to the conviction or the punishment assessed. *Garrett v. State*, 632 S.W.2d at 353–54. In making this determination, we must review the evidence at the guilt-innocence stage as well as that adduced at the punishment phase of the trial. *See id.*

We hold that the error was harmless beyond a reasonable doubt, considering the overwhelming and undisputed evidence of defendant's guilt. *See Clay v. State*, 518 S.W.2d 550, 553 (Tex.Crim.App.1975). In the present case, the two store employees each identified the defendant by way of photo lineup and by in-court identification, and the defendant offered no evidence whatsoever. Defendant's first ground of error is overruled.

■ In ground of error two, defendant complains of the following jury argument made by the State during the punishment phase of the trial:

What is really, I think, the key is the fact that you have not heard one Defense witness. Not one mother, one priest, one neighbor, one friend has come down here to get on that witness stand and tell you yeah, I know the Defendant for being peaceful and law-abiding.

You haven't heard anybody say that.

[Defense Attorney]: Again, I would object to this line of argument to the effect that the Defendant has placed no evidence before the jury.

And I would respectfully move for a mistrial.

*Again, the defense counsel did not wait on a ruling by the trial judge before moving for a mistrial, but we will again treat the matter as having been properly preserved for review on appeal.*

The argument in the present case is quite similar to that made in *Mosley v. State,* 686 S.W.2d 180, 183 (Tex.Crim.App.1985), wherein the prosecutor argued, "you haven't heard one good thing about this man. Think about it. *No one, not a mother, not father, not brother, not sister — ...*" (Emphasis in original.) The Court of Criminal Appeals pointed out that the argument in *Mosley* came close to crossing the line of improper argument as enunciated in *McKenzie v. State,* 617 S.W.2d 211, 219 (Tex.Crim.App.1981) wherein the prosecutor in his fantasy concocted certain nonexistent witnesses and then speculated as to what testimony each might give. When considered in the context within which it was made, it did not constitute reversible error, because the prosecutor was not telling the jury these particular witnesses did in fact exist. We likewise hold the argument in the instant case did not constitute reversible error. Defendant's second ground of error is overruled.

The State contends the argument complained of was invited by the argument of the defendant. We disagree. However, because of our disposition of the grounds of error, it is not necessary to further consider this contention by the State.

Judgment of the trial court is affirmed.