McBride v. State 






AFFIRMED
APRIL 30, 1990

NO. 10-89-091-CR
Trial Court
# 13,672
IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

KIESTAN LOVAN McBRIDE,
Â Â Â Appellant
v.

THE STATE OF TEXAS,
Â Â Â Appellee

* * * * * * * * * * * * *

 From 82nd Judicial District Court
Robertson County, Texas

* * * * * * * * * * * * *

O P I N I O N

* * * * * * *
This is an appeal by Kiestan Lovan McBride from his conviction
in the 82nd Judicial District Court, Robertson County, Texas, of
the offense of delivery of a simulated controlled substance. He
was sentenced to serve five years in the Texas Department of
Corrections and assessed a $3,000 fine, but granted probation.
On July 3, 1988, near Hearne, Texas, a truck carrying five
persons flagged down Dan Jones, an undercover narcotics officer
with the Hearne Police Department. James Ira Young, Jr., actually
delivered the simulated controlled substance to Jones on the
highway, but there was testimony that McBride held up or exhibited
the substance as Jones was flagged down, motioning to his mouth as
though he were smoking a marihuana cigarette.
However, McBride testified that he was asleep in the truck and
that he had no advance knowledge of what the other four occupants
of the truck, all his cousins, were doing. He was, nevertheless,
tried and convicted under the law of parties.
McBride appeals on four points of error, each of which
complains of improper oral argument to the jury by the State's
attorney. Point one asserts that the prosecutor injected
prejudicial and inflammatory unsworn testimony into the record and
into the minds of the jurors. The relevant record from the
guilt/innocence stage reads as follows:
[PROSECUTOR]: As far as I know, no jury in Robertson
County has ever heard a case like this. It's unique. I
think unique probably to a lot of this part of the world. 
Unique maybe because of the type of crime it is, but I
think it's something that has to be tried; I think it
should be a crime and all of you agreed with me on voir
dire, because in many ways it is a crime of double greed
like drug dealing, you have people selling drugs for
greed, but in this case it's greed coupled with fraud.
Â 
[COUNSEL FOR DEFENDANT]: I'm going to object to the last
statement made by the D.A. It is elementary that the
district attorney may not convey to the jury his opinion
or belief and an attempt to do so can only result in
prejudice to my client's cause and I ask that the D.A. be
instructed to refrain from any further impropriety of
this sort.
Â 
THE COURT: Overruled.

For a prosecutor's jury argument to be improper, it must go
beyond (1) summation of the evidence, (2) reasonable deductions
from the evidence, (3) answer to arguments of opposing counsel, and
(4) a plea for law enforcement. See Alejandro v. State, 493 S.W.2d
230, 231 (Tex. Crim. App. 1973). The prosecutor's argument clearly
related to the seriousness of the crime of delivery of a simulated
controlled substance and was a part of the prosecutor's overall
plea for law enforcement. As such, it was not improper jury
argument. Point one is overruled.
McBride's second point alleges an improper attack upon his
defense counsel by the prosecutor during final argument, the
objection to which was overruled.Specifically, the prosecutor
said:
If you see me making notes on the yellow sheet of
paper like I've done, it's because every defense lawyer
seems to come to the courtroom and wants to plead with
you, "Oh, please don't find my guilty client guilty." 
You've been sent down a bunch of rabbit trails.

McBride's counsel responded:
Â 
I'm going to object to that. State exception to
that statement made by the district attorney. His
comments are certainly not within the scope of the
evidence and have no probative value, and I respectfully
request the jury be admonished with respect to those last
remarks which aside from being non-evidential, are highly
insulting and unfounded.

The court overruled the objection.

McBride's counsel had argued that the arresting officer either
lied or was mistaken during his testimony because he was an
"interested" witness. The prosecutor's characterization of such
argument as sending the jury down "rabbit trails" is not
inflammatory or prejudicial. It is proper argument in response to
McBride's argument. McBride's second point is overruled.
McBride's third point concerns the following exchange between
the State and defense counsel at the punishment phase of the trial:
[PROSECUTOR]: What kind of a message does it send to
these people out there, people who are law-abiding
citizens? A verdict of probation says that . . .
Â 
[COUNSEL FOR DEFENDANT]: I'm going to object to that. 
I respectfully object to the comments made by the
district attorney about what people might say because
this type of remark tends to threaten this jury with
popular denunciation should they give him something else
other than penitentiary time, and I believe it may be
inflammatory and might prejudice the jurors against my
client.
Â 
THE COURT: Overruled.

The argument by the prosecutor, interrupted with an objection
by defense counsel, above, was a permissible plea for law
enforcement under Alejandro, and not an impermissible plea for
jurors to base their verdict on community desires. See Duffey v.
State, 567 S.W.2d 197, 207 (Tex. Crim. App. 1978); Carver v. State,
510 S.W.2d 349, 356 (Tex. Crim. App. 1974). McBride's third point
is overruled.
McBride's fourth point asserts that the trial court erred in
overruling his objection to the following argument by the State
during the punishment phase:
I believe from the evidence, that you heard, that
[defendant] lied. I think it is clear-cut. I think it
is as bold there as he's been awake, black and white. He
lied. You can take into consideration what you have seen
in this courtroom, evidence you have heard in this
courtroom . . . . 

McBride's counsel responded to this argument with an objection:
Â 
I'm going to object to that because it's tending to
prejudice the jury against my client as to whether or not
the man lied or not and that's invading their province.

The court overruled the objection.

The State's argument was not improper. Counsel for McBride
had contended the officer lied when he testified that McBride had
displayed a baggie and made the motion of smoking. McBride had
testified that he did not do those things because he was asleep in
the car. The State's argument was a reasonable deduction from the
facts in evidence. See Griffin v. State, 554 S.W.2d 688, 690 (Tex.
Crim. App. 1977). It was proper in answer to arguments of opposing
counsel. See Alejandro, 493 S.W.2d at 231. Point four is
accordingly overruled. 
Furthermore, as to each of the four portions of the State's
argument complained of, beyond a reasonable doubt none could have,
under the record, contributed to McBride's conviction or the
assessment of his punishment. See TEX. R. APP. PROC. 81(b)(2);
Garrett v. State, 632 S.W.2d 350, 354 (Tex. Crim. App. 1982).
The judgment of the 82nd Judicial District Court, Robertson
County, is affirmed.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â TERRY R. MEANS
DO NOT PUBLISHJustice



agreed motion to that effect should
be presented to this Court within 21 days of the date of this Order.

Â 

   PER
CURIAM

Before
Chief Justice Gray,

Â Â Â Â Â Â Â Â Â  Justice
Vance, and

Â Â Â Â Â Â Â Â Â  Justice
Reyna

Appeal
reinstated

Order
issued and filed June 21, 2006

Do
not publish