Opinion issued August 31, 2005






















In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00196-CR




RAYMOND RAMIREZ, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 183rd District Court
Harris County, Texas
Trial Court Cause No. 938729




CONCURRING OPINION


          Because I believe that the State’s argument was a proper response to argument
by defense counsel, I respectfully concur.
          During closing argument, defense counsel stated, “And finally, ladies and
gentleman, yes, I could have called witnesses. The burden is on the State.” (Emphasis
added). The prosecutor responded by arguing, “They talk about the burden of proof,
the burden of proof, the burden of proof. You didn’t hear from one alibi witness. 
That’s because there ain’t no alibi.”
          Appellant’s statement that, “The burden is on the State,” is a correct statement
of the law. However, his statement that “I could have called witnesses,” suggests that
defense witnesses were available, but that appellant chose not to call them.
          To rebut the inference that defense witnesses were available, the State argued,
“You didn’t hear from one alibi witness . . . . because there ain’t no alibi.” The State
may comment in jury argument on the failure of a defendant to call competent and
material witnesses, when it is shown that such witnesses were available to testify.
Garrett v. State, 632 S.W.2d 350, 351 (Tex. 1982). 
          I disagree with the majority’s conclusion that this rule of law from Garrett is
not applicable because “there was no evidence in the record to affirmatively establish
that specific alibi witnesses were available and not called.” Defense counsel, arguing
outside the record, improperly suggested that alibi witnesses were available. There
was no need for the State to prove that alibi witnesses were available because the
defense had already argued, albeit improperly, that such witnesses existed and could
have been called.


 
          Accordingly, I would hold that the State’s argument was a proper comment on
appellant’s failure to call witnesses, not an impermissible comment on his failure to
testify.
          Furthermore, a prosecutor may comment on a defendant’s failure to testify if
necessary to answer jury arguments made by the defendant. See Long v. State, 823
S.W.2d 259, 269 (Tex. Crim. App. 1991); Goldberg v. State, 95 S.W.3d 345, 388
(Tex. App.—Houston [1st Dist.] 2002, pet. ref’d).
          In Long v. State, the defense counsel argued to the jury that they had not “heard
all the details” about the case. 823 S.W.2d at 268. During its argument, the State
responded, “Defense counsel suggests to you that there are facts that you didn’t hear
that are real critical. Who knows what those facts are? Who could provide these
lawyers with the means of compelling that evidence and having it brought before
you? [The defendant.].” Id at 269. On appeal, appellant argued that the State had
improperly commented on his failure to testify. Id. The Texas Court of Criminal
Appeals held that the State’s argument was invited by the argument of defense
counsel. Id.



          In this case, as in Long, appellant suggested that there were witnesses that had
not been brought before the jury. As such, I would hold that appellant invited the
State’s comment about alleged missing witnesses.
          Because the State’s argument (1) was a proper comment on appellant’s ability
to call witnesses, and (2) was invited by defense counsel’s argument, I would hold
that the trial court did not err by overruling appellant’s motion for mistrial.
          Accordingly, I concur in the disposition of point of error three.
 
 
                                                                        Sherry Radack
                                                                        Chief Justice