**Opinion issued July 24, 2025.**



In the

# Court of Appeals

for the

# First District of Texas

————————————————

## NO. 01-23-00771-CR

————————————————

**ARTURO EDUARDO TORRES, Appellant**

**v.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 262nd District Court**
**Harris County, Texas**
**Trial Court Case No. 1700394**

---

## MEMORANDUM OPINION

A jury convicted appellant Arturo Eduardo Torres of the third-degree felony offense of driving while intoxicated. *See* TEX. PEN. CODE §§ 49.04(a), 49.09(b)(2). The jury assessed appellant's punishment at three years' confinement in the institutional division of the Texas Department of Criminal Justice and a $5,000

fine. On appeal, appellant argues that the trial court abused its discretion by denying his request for a mistrial after a prosecutor commented on appellant's decision to exercise his Fifth Amendment right not to testify. U.S. CONST. amend. V.

We affirm.

## Background

The State charged appellant by indictment with a third-degree felony of driving while intoxicated (DWI), an enhanced offense reflecting appellant's two prior DWI convictions. *See* TEX. PEN. CODE §§ 49.04(a), 49.09(b)(2). Appellant pleaded not guilty.

## A. Arrest

At 11:23 p.m. on December 1, 2020, Houston police officer Clay Barnes was dispatched to a fast-food restaurant near the intersection of the North Freeway and Airline Drive in response to a service call that a person was "down" in the restaurant's drive-through lane. Upon arriving at the restaurant at 11:47 p.m., Officer Barnes found appellant asleep behind the wheel of a running vehicle in the drive-through lane, with the vehicle's gear set to "drive" but with his foot on the brake. Appellant's vehicle was between where drive-through patrons place their orders and the window where they pay, and "[c]ars were having to go around" appellant. Before attempting to wake appellant, Officer Barnes asked another

2

police officer who had arrived at the scene, Officer Pavlov, to put the vehicle in "park" and turn it off.

Officer Barnes tried to wake appellant, but appellant was not initially responsive. Once Officer Barnes was able to wake appellant, appellant was "very, very confused" and "[l]ooking around." Appellant was also slurring his words.

Officer Barnes identified himself as a police officer and told appellant that he needed appellant to step out of the vehicle. Appellant was "very unstable" walking from his vehicle and was mumbling. Soon after appellant had exited the vehicle and the police officers had searched him, Officer Barnes asked appellant if he had been drinking. Appellant responded that he had had a "little bit" to drink. When Officer Barnes asked appellant if he was willing to take "a few tests," appellant refused. At that point, Officer Barnes read to appellant language from a form that, among others things, informed appellant that he was under arrest and of the possible consequences of a refusal to participate in field sobriety tests.

**B.    Blood Test**

Officer Barnes obtained a warrant to have a sample of appellant's blood drawn. A sample of appellant's blood was drawn around 2:00 a.m. on December 2, 2020. Testing showed that the blood sample taken from appellant had a blood alcohol concentration of 0.213, which is between two and three times the legal limit.

3

## C. Trial

During the State's closing argument during the punishment phase of appellant's trial, the prosecutor making the argument stated in part:

> Then in 2020, from all the testimony you heard yesterday, he picked up another DWI charge. So we tried the probation. We tried -- he had another one where he had a conviction on this where he -- then we have the felony that was then reduced. So at this point, we've tried to give him as many chances as we can. I know you heard from the family and I know, you know, they talked about how he's been acting and how he's been a good father, but that -- the defendant? He's made his own choices. He's decided to continue picking up these DWI offenses and this is the one that we're here about today, this is the fourth. This is the fourth DWI conviction. Those are his actions and he needs to take accountability for those actions and he needs to face the consequences.

At that point, defense counsel objected "on the [F]ifth [A]mendment right to remain silent," and the following exchange occurred:

> [Prosecutor:] And Judge, in terms of he just needs to take accountability. I mean he did plead not guilty to this case.
>
> [Defense counsel:] Judge, he has a right not to testify. He doesn't have to say anything.
>
> [Trial court:] And the rights are contained in the charge and we'll stick with the punishment charge.
>
> [Defense counsel:] And we move for mistrial.
>
> [Trial court:] And that request is denied.

The prosecutor then proceeded with her closing argument.

4

In his only point of error, appellant argues that the trial court abused its discretion by failing to declare a mistrial after the prosecutor, in her closing argument at the end of the trial's punishment phase, impermissibly commented on appellant's exercise of his right not to testify. Specifically, appellant claims that the prosecutor's statement that appellant "needs to take accountability for those actions" violated appellant's Fifth Amendment right against compelled self-incrimination. The State argues that that there was no error and, in the alternative, that any error was not preserved for our review because appellant never asked the trial court to instruct the jury to disregard the prosecutor's comment.[1]

## Applicable Law

### A. Standard of Review

A mistrial is the trial court's remedy for improper conduct that is "so prejudicial that expenditure of further time and expense would be wasteful and futile." *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004). It is a remedy appropriate only for a narrow class of highly prejudicial and incurable errors. *Wood v. State*, 18 S.W.3d 642, 648 (Tex. Crim. App. 2000). We review a trial court's decision to deny a motion for mistrial for abuse of discretion. *Hawkins*,

---

[1] Appellant asserts that he "immediately objected, requested an instruction to disregard and moved for mistrial," and that the trial court granted his request for an instruction. The record (quoted above) shows that appellant's counsel objected and moved for a mistrial, which request was denied. The trial court noted that appellant's rights (including his right not to testify) are included in the court's charge to the jury.

135 S.W.3d at 77. An abuse of discretion exists only if the trial court's ruling is so clearly wrong as to lie outside the zone of reasonable disagreement. *Lopez v. State*, 86 S.W.3d 228, 230 (Tex. Crim. App. 2002) (en banc).

## B.    Impermissible Jury Argument

In determining whether a prosecutor's comment during closing argument was an impermissible comment on the defendant's exercise of his right not to testify, we must view the prosecutor's argument from the jury's standpoint and resolve any ambiguities in favor of the argument being permissible. *Sandoval v. State*, 665 S.W.3d 496, 550 (Tex. Crim. App. 2022); *Nickerson v. State*, 478 S.W.3d 744, 761 (Tex. App.—Houston [1st Dist.] 2015, no pet.). A prosecutor's comment is not an impermissible comment on the defendant's choice not to testify if the language in the comment could be reasonably construed as merely an implied or indirect allusion to the failure to testify. *Sandoval*, 665 S.W.3d at 550 (citing *Randolph v. State*, 353 S.W.3d 887, 891 (Tex. Crim. App. 2011)); *Lair v. State*, 265 S.W.3d 580, 589 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd). A prosecutor's comment is considered a comment on the failure to testify only if the language was manifestly intended to be such or was of a character that the jury would necessarily and naturally take it as such. *Sandoval*, 665 S.W.3d at 550 (citing *Randolph*, 353 S.W.3d at 891); *Nickerson*, 478 S.W.3d at 761. We cannot find that the prosecutor manifestly intended to comment on the defendant's failure

6

to testify if some other explanation for the prosecutor's remark is equally plausible. *Randolph*, 353 S.W.3d at 891.

## C.      Preservation of Error

"Though requesting lesser remedies is not a prerequisite to a motion for mistrial, when the movant does not first request a lesser remedy, we will not reverse the court's judgment if the problem could have been cured by the less drastic alternative." *Ocon v. State*, 284 S.W.3d 880, 885 (Tex. Crim. App. 2009). Except in the most blatant cases, harm from a comment on a defendant's failure to testify is cured by an instruction to disregard. *Moore v. State*, 999 S.W.2d 385, 405-06 (Tex. Crim. App. 1999).

### Analysis

Appellant moved for a mistrial without first asking the trial court to instruct the jury to disregard the prosecution's statement that he "need[ed] to take accountability for" his history of driving while intoxicated. Appellant thus failed to preserve for appellate review any error in the trial court's denial of his motion for mistrial unless the prosecutor's comment was among "the most blatant cases" of improper comments on a defendant's failure to testify. *Moore*, 999 S.W.2d at 405-06.

Here, the prosecutor argued to the jury that appellant had been convicted for the fourth time of driving while intoxicated despite having been given "chances" in

7

the past—e.g., probation in one instance and a reduced sentence in another. She continued: "Those are his actions and he needs to take accountability for those actions and he needs to face the consequences." When appellant's counsel objected on Fifth Amendment grounds, she interjected: "And Judge, in terms of he just needs to take accountability. I mean he did plead not guilty to this case."

An argument that a defendant has not accepted responsibility for a crime simply because the defendant has pleaded not guilty is generally considered to be an improper comment on the defendant's failure to testify. *See Randolph*, 353 S.W.3d at 892 (noting that "[s]imply pleading not guilty and demanding that the State prove its case neither accepts nor denies responsibility"). Here, however, the comment to which appellant's counsel objected was not the prosecutor's reference to appellant's not-guilty plea but instead the prosecutor's comment that "he needs to take accountability for those actions." *See, e.g.*, *Garcia v. State*, No. 14-21-00502-CR, 2023 WL 3529647, at *6 (Tex. App.—Houston [14th Dist.] May 18, 2023, pet. ref'd) (mem. op., not designated for publication) (where appellant's counsel objected at trial when prosecutor first made allegedly improper comment during closing argument, but did not repeat objection when prosecutor repeated comment, holding that appellant had not preserved error as to second comment); *Temple v. State*, 342 S.W.3d 572, 605 (Tex. App.—Houston [14th Dist.] 2010) ("A defendant must object each time an improper argument is made, or he waives his

8

complaint, regardless of how egregious the argument."), *aff'd*, 390 S.W.3d 341 (Tex. Crim. App. 2013).

During a trial's punishment phase, a broader assertion that a defendant has failed to take responsibility for his actions can also constitute an impermissible comment on the defendant's failure to testify. *See, e.g.*, *Lyte v. State*, No. 01-15-00166-CR, 2016 WL 3519799, at *4 (Tex. App.—Houston [1st Dist.] June 23, 2016, pet. ref'd) (mem. op., not designated for publication) ("Comments during the punishment stage that argue that a defendant is not deserving of leniency or a probated sentence because he has not taken responsibility for his actions or shown remorse can constitute an impermissible comment on the failure to testify."); *see also Judge v. State*, No. 01-07-00143-CR, 2008 WL 660254, at *3 (Tex. App.—Houston [1st Dist.] Mar. 13, 2008, no pet.) (mem. op., not designated for publication) ("A comment by a prosecutor on a defendant's refusal to take responsibility may be a comment on his failure to testify."). A comment is impermissible if it "calls the jury's attention to the absence of evidence that only the defendant's testimony could supply." *Cantu v. State*, 395 S.W.3d 202, 210 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd) (citing *Garrett v. State*, 632 S.W.2d 350, 353 (Tex. Crim. App. 1982)); *Crocker v. State*, 248 S.W.3d 299, 304 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd)).

However, Texas courts have often concluded that a broad comment about a defendant's failure to take responsibility for his actions could be interpreted as a comment on something other than the defendant's failure to testify, as at most a permissible indirect reference to the defendant's failure to testify, or both. *See, e.g.*, *Randolph*, 353 S.W.3d at 895-96 (holding that, even if prosecutor's assertion that defendant had not taken responsibility for crime could be construed as alluding to defendant's failure to testify and take responsibility at punishment stage, it was "not a direct . . . comment" on defendant's failure to testify given equally plausible alternative explanation that prosecutor was commenting on defendant's alibi testimony); *Judge*, 2008 WL 660254, at *3 (holding that prosecutor's reference to defendant as being "not man enough to stand up and take responsibility for what he did to this woman" was not improper jury argument where there was evidence in record suggesting that defendant would not take responsibility for his crime); *Stacy v. State*, No. 01-02-00130-CR, 2003 WL 21299949, at *7 (Tex. App.—Houston [1st Dist.] June 5, 2003, pet. ref'd) (mem. op., not designated for publication) (holding that prosecutor's comment during trial's punishment phase that defendant "is still maintaining that he didn't even intend to kill her" and, even after jury's guilty verdict, "can't even accept that now" was "not so clear as to directly refer to the appellant's failure to testify during the punishment phase"); *Simien v. State*, No. 01-96-01192-CR, 1998 WL 141889, at *3 (Tex. App.—Houston [1st Dist.]

10

Mar. 12, 1998, no pet.) (not designated for publication) (holding that prosecutor's comment that defendant "has never accepted responsibility for this" could have been interpreted as an impermissible reference to defendant's failure to testify or as referencing other criminal conduct by defendant, and thus was not necessarily understood as comment on defendant's failure to testify). *Cf. Bailey v. State*, No. 01-15-00215-CR, 2016 WL 921747, at \*10-11 (Tex. App.—Houston [1st Dist.] Mar. 10, 2016, no pet.) (mem. op., not designated for publication) (prosecutor's comment that "[h]e's never taken any responsibility[;] [n]ever once has he come in here and said what his role is" was impermissible comment on defendant's failure to testify).

Here, the prosecutor's comment to which appellant's counsel objected was a statement that: "Those are his actions and he needs to take accountability for those actions and he needs to face the consequences." That comment followed immediately after the prosecution commented on the defendant's history of prior convictions for driving while intoxicated and suggested that appellant had been shown leniency in prior sentencing. The jury could thus have interpreted the prosecutor's comment as relating to his prior offenses. Alternatively, the jury could have taken the comment as merely an indirect allusion to appellant's failure to testify.

Because here the prosecutor's comment that appellant "needs to take accountability for those actions" could have been interpreted as something other than a direct reference to appellant's failure to testify, we cannot characterize the comment as falling among the "most blatant" cases of improper comments on a defendant's failure to testify—i.e., comments so harmful that the harm cannot be cured by an instruction to disregard. *Moore*, 999 S.W.2d at 405-06 (holding that only in most blatant cases will harm from comment on defendant's failure to testify not be cured by instruction to disregard). Because we find that the prosecution's comment was not among the "most blatant" improper comments on appellant's decision not to testify, appellant needed to have requested an instruction for the jury to disregard it for this argument to be preserved for appellate review. *See Ocon*, 284 S.W.3d at 885 (stating that appellate court will not reverse denial of motion for mistrial if movant did not first request lesser remedy that could have cured alleged harm).

Appellant's failure to preserve this issue precludes us from considering further the question of whether the prosecution's comment was an improper comment on appellant's failure to testify even if it was not among the "most blatant" examples of such improper comments.

**Conclusion**

We affirm the trial court's judgment.

Amparo "Amy" Guerra
Justice

Panel consists of Justices Guerra, Gunn, and Dokupil.

Do not publish. TEX. R. APP. P. 47.2(b).