## JOE SULLIVAN v. THE STATE.

### No. 1744. Decided May 31, 1899.

**1. Murder—Corpus Delicti—Confession.**

While the confession of a defendant will not alone, of itself, justify a conviction, yet, where the death of a party is shown to have unquestionably been brought about by the criminal agency of another, a confession by defendant that he shot him will be sufficient to connect him with the crime.

**2. Confession—Submission of Issue as to in Charge of Court.**

The fact that at the time a confession was made another officer present failed to hear the warning given defendant by the officer to whom the confession was made, does not raise the issue as to whether it was freely and voluntarily made so as to require the court to submit that issue to the jury.

**3. Evidence—Issue of Fact.**

The mere failure of one witness to hear statements about which other witnesses testify, ordinarily raises no issue of fact.

**4. Evidence Not Excepted to—Waiver.**

Where evidence is permitted to be introduced without objection and bill of exceptions on the part of defendant, whatever error there may have been in regard to it is waived, notwithstanding the same evidence, when properly objected to and reserved by bill of exceptions, did constitute reversible error in a companion case.

APPEAL from the District Court of Waller.   Tried below before Hon. WELLS THOMPSON.

Appeal from a conviction for murder in the second degree; penalty, thirty years imprisonment in the penitentiary.

The indictment charged appellant with the murder of Charley Williams, on the 17th day of September, 1898, by shooting him with a pistol.

This is a companion case to Pryor v. State, post, p. 643.  The testimony with regard to the confessions of Will Pryor and this defendant, which appears to have gone to the jury without objection, is substantially as follows:

J. C. Lipscomb, the officer having custody of appellant at the time the confession was made to him, testifies as follows: "I arrested Will Pryor, Joe Sullivan, and Plenty Brown for the murder of Charles Williams. Will Pryor came to me and said he wanted to make a statement.  He said, 'I can't stand it any longer.'  I warned him he need not make a statement, but if he did it could be used against him on trial, or for him. He said he did not want to go to the pen for what another man did, and he said, 'I did not kill Charlie Williams; Joe Sullivan did it.  I did not see Sullivan shoot him, but Joe told me he was going to do it.  Joe told me and Plenty Brown he did it.'  He asked to go before the court and make said statement.  I took him before the court, who warned him, and he made the statement.  The court, however, was not in session; it had adjourned for the day.  I then carried Pryor back, and Pryor told Sullivan what he had told.  Joe said to Pryor: 'I thought you was a man, Pryor; I would have died and gone to hell before I would have told it.' Pryor said: 'Joe, God knows I stood it as long as I could; I could not stand it any longer.'  Sullivan said to me that he wanted to make a statement.  I and Constable Aiken then took him out in the yard, and in the presence and hearing of Aiken I, myself, warned him, and he told me in the presence of Constable Aiken that he shot Williams through the window, and shot him in the back.  Sullivan said there was an agreement between him and Pryor to 'case' Charlie Williams.  Sullivan said that Pryor remarked to him that he (Joe) could get about better than he (Pryor) could, and that Williams knew him (Pryor) better than he did Sullivan.  Sullivan said when he left the room to go around to the window he left Pryor standing in the door with his pistol in his hand. Sullivan said he only fired one shot, and just then a shot came through the window; that he felt the force of the ball as it passed his head.  Williams was about four feet from the window, with his back to him when he shot.  Heard two shots fired in the house.  Said if Plenty Brown had anything to do with the shooting he did not know it."

Constable Aiken testified: "I am or was constable at the time Sheriff Lipscomb had the prisoners at my place in Brookshire. I heard that Pryor and Sullivan both made statements, but I did not hear Sheriff Lipscomb warn Sullivan, and I did not hear the statement he made; if I heard either I do not remember it. Pryor and Sullivan were separated that night and taken up to the justice office. I heard none of the statements. I was present in the yard with witness Lipscomb and defendant Sullivan at the time Lipscomb says the confession was made, and all I know about it is that Lipscomb told me Sullivan had confessed."

Plenty Brown testified: That there was a deadly feud existing between the Williams and Pryor families. Two of the Williams boys had been killed, and one of the Pryors. That he (witness) had been suspicioned, charged, and arrested for the killing of the Williams boys. Will Pryor was also arrested, charged with the killing of the Williams boys. Witness and Will Pryor were brothers-in-law. This witness also says that on the Saturday night of the killing, at the time the shot was fired, he was about three-fourths of a mile away, armed with a double-barreled shotgun; heard two shots; went to where killing took place, but did not see Joe Sullivan; did see and talk to Will Pryor. Witness says on Monday after the killing Sullivan told him that he killed Charlie Williams; that he went on outside and shot him through the window; that he stood on a block or box when he shot Williams.

The following requested instructions were asked by the defendant and refused by the court:

1. In this case the State has introduced evidence of a statement or confession of guilt purporting to have been made by the defendant to an officer. You are charged that you should not convict the defendant alone upon such confession, though you believe he made the same. Such confession in order to justify the conviction must be corroborated by other facts or circumstances in evidence besides the hereinbefore mentioned confession of the defendant, corroborating such confession, or tending to connect the defendant with the commission of the offense charged against him.

2. The mere presence of the accused at the time and place when and where the crime is charged to have been committed would not alone make defendant guilty as charged.

3. When a conviction is sought upon the confession of a defendant in a criminal action, the burden of proof is upon the State to show: First, that the confession was freely and voluntarily made. Second, that before such confession was made the defendant, or person making such confession, had been warned that he need not make such confession or statement unless he so desired; and that if he did make a statement or confession the same could be used against him. Third, that such confession must be corroborated by other facts and circumstances other than the confession itself. Therefore, if you are not satisfied from the evidence that the State has, by its testimony, complied with the rule or law as herein above stated, you will acquit the defendant; or if you have, or

entertained a reasonable doubt of the guilt of the defendant of the offense charged against him arising out of or from the evidence, or for the want of evidence, you will give the defendant the benefit of such doubt and acquit him.

4. When a conviction is sought upon the confession of the defendant upon trial, such confession, in order to warrant a conviction, must be corroborated by the existence of facts and circumstances, and it is not sufficient if such corroboration comes from an accomplice. You are to determine from the evidence, taken as a whole, whether such confession so made, if made, has been corroborated, and if such corroboration comes from an accomplice, principal, or accessory it will not be sufficient; and if you believe from the evidence that the only corroborating facts come from an accomplice, principal, or accessory, you will not consider such confession for any purpose, and should acquit the defendant.

5. You are charged that, where the corroborating evidence is the finding of the body, it must also appear that such finding was the result of the confession, or a part thereof; so where the finding of a dead body was not the result of the confession or any statement made by the deceased, the mere finding of the dead body is not to be taken into consideration as a circumstance tending to corroborate the confession made by defendant, if any he made.

*H. M. Brown* and *T. D. Pinckney,* for appellant.—A conviction can not be sustained upon the naked confession made by a person charged with crime, if such confession was made to an officer having charge or custody of the person at the time such confession was made. Willard v. State, 27 Texas Crim. App., 390; Brady v. State, 32 Texas Crim. Rep., 264.

When a person making a confession is in the custody of the officer to whom the confession is made, such confession will not be sufficient to sustain a conviction of murder, unless it further appears that such confession is in some manner corroborated, as to the corpus delicti. Code Crim. Proc., art. 750; Willard v. State, 27 Texas Crim. App., 390, 392; Gay v. State, 2 Texas Crim. App., 132-134; Davis v. State, 2 Texas Crim. App., 608.

When the evidence raises the issue as to whether or not a witness, testifying against a defendant on trial, is a principal, accomplice, or accessory, the issue should be submitted to the jury by proper charges.

Article 715, Code of Criminal Procedure, provides that the judge shall deliver to the jury a written charge, in which he shall set forth the law applicable to the case, and this is required, whether asked or not. Meuly v. State, 26 Texas Crim. App., 301, 302, and cases cited; Wills. Crim. Stats., art. 741; Davis v. State, 2 Texas Crim. App., 607-609.

When corroborating evidence of a confession is the finding of the dead body, and the place where the mortal wound was received or entered the body, such finding must have been the result of the confession.

Articl 750, Code of Criminal Procedure, requires that the facts and circumstances stated by the accused must be found to be true in pursuance

of or by means of the information received from the accused, and if they are found to be true from any other source than that emanating from defendant, his confession will not be sufficient to warrant his conviction. Crowder v. State, 28 Texas Crim. App., 53, 54; Harris v. State, 28 Texas Crim. App., 308.

We contend that from the testimony of Constable Aiken it is extremely doubtful whether the confession was made to J. C. Lipscomb, as detailed by him. We further contend that the record fails to show that defendant was properly warned by J. C. Lipscomb. His testimony on this point is as follows: "1 and Constable Aiken then took him out in the yard, and in the presence and hearing of Aiken, I, myself, warned him." What the character of the warning was is not disclosed in the statement, and we can not tell whether it was the statutory warning or not. At any rate the testimony of Constable Aiken presents the issue as to whether or not the warning was given, or whether, in fact, the defendant made a confession. He says he was present at the time when and where Lipscomb says the confession was made. That he did not hear Lipscomb warn the appellant, nor did he hear appellant make any confession. These conflicting statements required at the hands of the court a charge submitting the issue to the jury, and the court having failed to embody such instruction in the main charge, it was error to refuse the defendant a new trial. Especially is this true where the attention of the court was called to issue by defendant's third special charge.

*Robt. A. John,* Assistant Attorney-General, for the State.—The State submits that it was shown by eyewitnesses, neither accessory, principal, nor accomplice, that the deceased came to his death by violence at the hands of another than himself. That established the corpus delicti. Appellant admits his criminal agency in a confession made the witness Plenty Brown and to Sheriff Lipscomb.

The State submits that, the corpus delicti being established aliunde, an extrajudicial confession is sufficient to establish appellant's criminal agency. Attaway v. State, 35 Texas Crim. Rep., 403; 6 Am. and Eng. Enc. of Law, new ed., p. 585; 7 Id., 862; White v. State, ante, p. 366.

In his second bill appellant asserts as law, in the special charge requested, that corroboration is not sufficient if it comes from an accomplice. This is not correct.

As to the witness Plenty Brown, the State submits that there is not a scintilla of testimony showing that said witness was an accomplice. The mere fact that he was previously arrested as a suspect does not constitute him an accomplice. Roberts v. State, 44 Texas, 123; Ham v. State, 4 Texas Crim. App., 675; Brown v. State, 6 Texas Crim. App., 313.

Appellant in his third bill complains solely of the court's failing to give the following special instruction: "You are charged that, where the corroborating evidence is the finding of the body, it must also appear that such finding was the result of the confession or any statement made by the accused; the mere finding of the body is not to be taken into con-

sideration as a circumstance tending to corroborate the confession made by the defendant, if any he made." If the contention of the State is correct, that appellant's criminal agency can be established by his extra-judicial confession alone, then the special charge as above was not the law, and was properly refused. In the abstract the charge did not correctly embody the law. The finding of the body in pursuance of the confession would not corroborate the same in the sense of corroboration. It would simply validate or render admissible a confession made under duress. It was not, in any event, matter to be presented to the jury. The law is, a confession under duress is admissible when, "in pursuance of the information furnished by the accused, facts thus obtained are found to be true aliunde, which conduce to his guilt." Under such circumstances the testimony is admissible; but the question of its admissibility, when there is no issue of fact, is with the court and the court alone. Crowder v. State, 28 Texas Crim. App., 52; Whart. Crim. Ev., sec. 678; Greenl. on Ev., sec. 49.

In his fourth bill appellant presents a charge which is subject to the foregoing objections, and was properly refused for the same reasons. It still contains the proposition, that the identity of appellant as the guilty party can not be established by an uncorroborated confession, and as we have shown by the Attaway and White cases, supra, the proposition is not the law, and therefore unsound. This requested instruction presents as a proposition of law, where the predicate, upon which the confession becomes admissible under duress, is disputed, should the judge submit its admissibility to the jury?

In this particular case the State submits that the court did not err in refusing so to do, and if there was error it is not properly before this court for revision, because:

1. There is no dispute as to the warning. The witness Lipscomb swears positively that he warned the appellant in the presence of Aiken, while Aiken testifies, "I did not hear Sheriff Lipscomb warn Sullivan, and I did not hear the statement he made. If I heard either, I do not remember it." This testimony is negative in its nature and raises no issue of fact. Williams v. State, 37 Texas Crim. Rep., 147.

2. Even if there be an issue of fact on the predicate, it was only as to its admissibility, and preliminary to its admissibility it appeals only to the court and not the jury. State v. McKenzie, 45 S. W. Rep., 1117; State v. Patterson, 73 Mo., 695; State v. Hopkirk, 84 Mo., 278; Cain v. State, 18 Texas, 387; Carter v. State, 37 Texas, 362.

3. The admission is harmless, and the failure to submit the issue colorless, and was not, under article 723, Code of Criminal Procedure, calculated to injure appellant, in view of the fact that substantially the same subject matter was testified to by the witness Plenty Brown, without exception or objection. Code Crim. Proc., art. 723.

4. The submission of an issue of fact upon a predicate sought to be laid as to the admissibility of testimony to the jury is discretionary with the trial court. Greenl. on Ev., sec. 49.

DAVIDSON, Presiding Judge.—Appellant was convicted for murder in the second degree, and his punishment assessed at confinement in the penitentiary for a term of thirty years, and he appeals.

Appellant contends the court erred in refusing to give certain special instructions requested by him, in which it was sought to present his theory of the case. They are based upon the proposition that the uncorroborated confession of an accused is not sufficient to justify a conviction. That is a very sound proposition of law; but, as we understand the record, it has no application to this case. The evidence places beyond question that deceased (Charley Williams) was in a ballroom, engaging in the festivities, when some one approached from the outside, and shot him through the window. It is also shown that at the time this shot was fired two shots were fired in the ballroom, one taking effect in the leg of one Gentry. There is no direct positive evidence as to who fired the shot from the outside, except the confession of defendant. His confessions are clear and unequivocal. He states that, while standing outside, he shot deceased through the window. It is well settled that the confession of the accused alone will not justify a conviction. This question has been frequently decided by various decisions in this State; but, so far as we are aware, it is settled that, the death of the deceased being shown to have been brought about by the criminal agency or procurement of some one, the confession is sufficient to connect the party making the confession with the crime. The finding of the body was not in pursuance of appellant's confession. He was shot down in the midst of an assembly of people engaged in dancing, he was seen by every one present to have been murdered, shot in the back, and through the window, the assassin standing on the outside. The rule sought to be enforced by appellant has no application to this case. Attaway v. State, 35 Texas Crim. Rep., 403; White v. State, ante, p. 366.

Appellant requests the court to charge the jury that the confession must be freely and voluntarily made; that the accused should be warned that he need not make the statement, and, if he did. it would be used against him; that such confession must be corroborated by facts and circumstances other than the confession itself; and that, unless all these matters had been shown, the accused should be acquitted; or, if they had a reasonable doubt that all of the matters had been shown, to acquit. The point insisted upon seems to be that at the time the confessions were made one of the officers present failed to hear the confession testified to by the other officer, and therefore there was an issue raised as to whether this confession was freely and voluntarily made. It is true Aiken testified that he did not hear the confessions about which Lipscomb testified, but he states that Lipscomb informed him in a whisper directly after it occurred that defendant had made the confession. The mere failure of Aiken to hear the confession of the accused and the warning given by Lipscomb, does not raise an issue as to the correctness of Lipscomb's testimony as presented. If Lipscomb had testified to the warning and subsequent confession, and Aiken had testified that the accused was not warned, then it would have

become the duty of the court to submit the question in .the charge as to whether the warning was in fact given. But Aiken does not contradict Lipscomb on this point. The mere failure of a witness to hear statements. about which other witnesses testify ordinarily raises no issue of fact.

This is a companion case to that of cause No. 1743; Pryor v. State, post,. p. 643. We reversed that judgment because of the admission of certain testimony specified in the bills of exception. These questions are not raised in this record. The same testimony, in substance, went before the jury in this case without objection, and whatever error there may have been was waived because the points were not reserved. The evidence, in our opinion, fully justified the conviction, and the judgment is affirmed.

*Affirmed.*