## HENRY CLYDE SMITH V. STATE

No. 34,833.   October 31, 1962

*Allan J. Showers* and *Joe B. Fleming,* Houston, for appellant.

*Frank Briscoe,* District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Presiding Judge.

The offense is statutory rape; the punishment, 5 years.

The sole question presented is the sufficiency of the evidence to sustain the conviction.

Appellant, the father of the 14 year old girl named in the indictment, made a statement which was reduced to writing and was introduced in evidence at the trial as a voluntary confession.

In his confession appellant stated that he had sexual intercourse with the girl first when she was eleven years old, and many times thereafter. He stated that the last time he had intercourse with her was in his bedroom, a week or so before, while his wife was in the hospital.

The girl named in the indictment testified that she was 14 years old and that she was living with her father and that her mother was in the hospital on the date alleged in the indictment, but she denied that he had sexual relations with her at that time. She testified that she had intercourse with someone, but denied that her father was the first one, or that he ever had sexual intercourse with her.

Dr. McCallum, a state's witness, testified that he examined the girl named and that her vagina would admit two fingers; the hymen was not there and that hers was more than likely, but not necessarily, a marital type vagina.

Appellant, testifying in his own behalf, admitted making the statement but said it was not true and that he had never had sexual relations with his daughter.

A confession alone is not sufficient. It must be corroborated by proof of the corpus delicti. Duncan v. State, 109 Texas Cr. Rep. 668, 7 S.W. 2d 79; East v. State, 146 Texas Cr. Rep. 396, 175 S.W. 2d 603; Cokely v. State, 87 Texas Cr. Rep. 256, 220 S.W. 1099; Marsh v. State, 170 Texas Cr. Rep. 512, 342 S.W. 2d 435.

The rule is that where the corpus delicti is proved, that is when the evidence shows that a crime has been committed by someone, the defendant's identity as the criminal may rest alone upon his confession. Bradshaw v. State, 49 Texas Cr. Rep. 165, 94 S.W. 223; Kincaid v. State, 131 Texas Cr. Rep. 101, 97 S.W. 2d 175; Mayfield v. State, 92 Texas Cr. Rep. 532, 244 S.W. 819; Gallegos v. State, 49 Texas Cr. Rep. 115, 90 S.W. 492; Sullivan v. State, 40 Texas Cr. Rep. 633, 51 S.W. 375.

The state's position appears to be that the corpus delicti was proved sufficiently by the testimony showing that the 14 year old girl had had sexual intercourse with someone, and that this evidence aided by and together with appellant's confession is sufficient to sustain the conviction.

Aside from the confession of the appellant we find no evidence that he or any other person had sexual intercourse with the 14 year old girl at the time or the place described in the appellant's confession or "on or about" the date alleged in the indictment, or at any other time within the period of limitation which is one year prior to the return of the indictment.

In East v. State, supra, the Court held that an affirmance of the conviction for embezzlement could have been predicated upon Mills v. State, 123 Texas Cr. Rep. 395, 59 S.W. 2d 147, but for the fact that the state failed to show by corroborating evidence that the money was appropriated within the period of limitation.

In Bradshaw v. State, supra, and Austin v. State, 51 Texas

Cr. Rep. 327, 101 S.W. 1162, there was evidence showing the commission of the offense charged within the period of limitation.

There being no proof of the corpus delicti and the uncorroborated confession of the appellant being insufficient as a matter of law, the evidence is insufficient to sustain the conviction.

The judgment is reversed and the cause remanded.