**Larry Nolan ROSE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43555.**

Court of Criminal Appeals of Texas.

March 31, 1971.

Clyde Gordon, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Robert Scott, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

This is an appeal from a conviction for robbery by assault. Trial was before the court on a plea of guilty and the punishment was assessed at 15 years.

The indictment was returned on April 3, 1969, and omitting the formal parts, alleged as follows:

"Donald Douglas DePatie and Larry Nolan Rose on or about the 1st day of December, A.D. 1968, in said County and State, did in and upon Margaret Myers make an assault, and did then and there by said assault and by violence and by putting the said Margaret Myers in fear of life and bodily injury, fraudulently and against the will of the said

Margaret Myers take from the person and possession of the said Margaret Myers, money the same being then and there the corporeal personal property of the said Margaret Myers with the intent then and there to deprive the said Margaret Myers of the value of the same and to appropriate it to the use of them, the said Donald Douglas DePatie and Larry Nolan Rose."

On August 27, 1969, the appellant filed with the court a waiver of jury trial and a stipulation which was introduced in evidence. The stipulation reads as follows:

"Comes now Larry Nolan Rose, the defendant in the above entitled and numbered cause, in writing and in open court, and consents to the stipulation of the evidence in this case and in so doing expressly waives the appearance, confrontation and cross-examination of witnesses. I further consent to the introduction of testimony by affidavits, written statements of witnesses and other documentary evidence. Accordingly, having waived my Federal and State constitutional right against self-incrimination and after having been sworn, upon oath, I judicially confess to the following facts and agree and stipulate that these facts are true and correct and constitute the evidence in this case:

"On the 1 day of December, 1968, in Harris County, Texas, I did make an assault upon Margaret Myers and by such assault and by violence and by putting him in fear of life and bodily injury I did fraudulently and against his will take from his person and possession personal property consisting of money with the intent to deprive him of the value of the same and to appropriate it to my own use and benefit."

On the same day, the appellant appeared in open court and plead guilty to the offense charged in the indictment. Part of his appearance occurred as follows:

"Are you guilty or not guilty of that offense of robbery by assault?

"THE DEFENDANT: Not guilty.

"MR. NAHAS: Guilty.

"THE DEFENDANT: Guilty.

"THE COURT: All right. Well, let's—

"MR. NAHAS: Judge, I don't think he understood.

"THE COURT: All right. Larry Nolan Rose, are you guilty or not guilty of that offense?

"THE DEFENDANT: Guilty.

"THE COURT: Do you want to waive a jury and enter a plea of guilty before the Court?

"THE DEFENDANT: Yes, sir.

"THE COURT: Now, are you pleading guilty because you actually are guilty?

"THE DEFENDANT: Yes, sir.

"THE COURT: Has anyone promised you anything to make you plead guilty?

"THE DEFENDANT: No, sir."

The court further admonished the appellant on the penalty and the full consequences of his plea.

The appellant presents four grounds of error.

■ His first ground is that the evidence is insufficient to support the verdict, and his fourth point is that the evidence fails to prove robbery by assault. The stipulation of evidence that appears in the record is a judicial confession of all of the elements of robbery by assault. The judicial confession by the appellant is sufficient to support the conviction under Article 1.15, Vernon's Ann.C.C.P. Waage

v. State, Tex.Cr.App., 456 S.W.2d 388; Soto v. State, Tex.Cr.App., 456 S.W.2d 389.

Appellant's first and fourth grounds of error are overruled.

■ The appellant's second ground alleges that the court improperly failed to instruct the appellant on the law of his rights to a jury and on the law of circumstantial evidence. He relies on Article 40.03(2) of the Code of Criminal Procedure, which authorizes the court to grant a new trial "where the court has misdirected the jury as to the law, or has committed any other material error calculated to injure the rights of the defendant." Here there was no jury to misdirect and the court committed no "material error calculated to injure the rights of the defendant." The court followed proper procedure in determining the plea of guilty to be voluntary. We know of no rule requiring the court to instruct the accused on every aspect of the law pertinent to the case when the accused pleads guilty. It is not the court's function to act as legal counsel for the appellant.

Appellant's second ground of error is overruled.

■ Appellant's third ground of error is that the penalty of 15 years is excessive. Art. 1408 of Vernon's Ann.Penal Code authorizes a penalty for this offense at life or any term not less than five years. The sentence imposed on appellant was well within the limits authorized by law and is not so excessive, cruel, and unusual as to violate constitutional protection. Lambright v. State, Tex.Cr.App., 318 S.W.2d 654; Darden v. State, Tex.Cr.App., 430 S.W.2d 494.

Appellant's third ground of error is overruled.

There being no reversible error, the judgment is affirmed.