Albert SALAZAR, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–99–656–CR.

Court of Appeals of Texas,
Corpus Christi.

Oct. 12, 2000.

Rehearing Overruled Nov. 22, 2000.

Thomas F. Greenwell, Corpus Christi, for Appellant.

Carlos Valdez, Dist. Atty., Grant Jones, Corpus Christi, for State.

Before Justices HINOJOSA, CHAVEZ, and RODRIGUEZ.

## OPINION ON MOTION FOR REHEARING

Opinion by Justice CHAVEZ.

Appellant Albert Salazar was indicted for molesting the six-year-old brother and seven-year-old sister of a high school student whom he visited about once a week to give saxophone lessons. He was found guilty of two counts of indecency with a child, two counts of aggravated sexual assault, and one count of attempted aggravated sexual assault.[1]

This Court previously held that appellant was not properly admonished as required by *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), when he pleaded guilty to the two indecency with a child allegations, and one of the aggravated sexual assault allegations. We further held that appellant was improperly convicted on the other aggravated sexual assault allegation because there was insufficient proof to corroborate appellant's extra-judicial confession. Appellant did not contest the attempted aggravated sexual assault conviction. The State has now filed a motion for rehearing.

We grant the motion for rehearing, withdraw the opinion heretofore entered, and substitute this opinion in its place. We affirm in part and reverse and render in part.

When the trial started, appellant pled guilty to three of the five charges. The court continued with a trial on the merits on the two charges to which appellant pleaded not guilty without making any

1. *See* TEX.PEN.CODE § 15.01 (Vernon 1994); TEX.PEN.CODE §§ 21.11, 22.021 (Vernon Supp. 2000).

admonishments to him of his right against compulsory self-incrimination, his right to trial by jury, and his right to confront his accusers when he made his guilty pleas. He argues that before the trial court submitted the three guilty pleas to the jury, it was required to admonish him about the consequences of his three guilty pleas and elicited a showing that he intelligently and knowingly waived his right against compulsory self-incrimination, his right to trial by jury, and his right to confront his accusers.

A defendant who enters a plea of guilty simultaneously waives several constitutional rights, including his right against compulsory self-incrimination, his right to trial by jury, and his confrontation right. *See Boykin,* 395 U.S. at 243 n. 5, 89 S.Ct. 1709. For such a plea to be valid under the due process clause, it must be an intentional relinquishment or abandonment of a known right or privilege. *See id.* A waiver of these rights cannot be presumed from a silent record; the record must affirmatively show that appellant's plea was voluntary and understandingly entered. *See id.*

Appellant points out that the right exercised by appellant to be sentenced by a jury is provided only by the code of criminal procedure, and not by the Texas or federal constitutions. The federal constitutional right to trial by jury does not include the right to have a jury at the punishment phase of trial. *Parrish v. Beto,* 414 F.2d 770 (5th Cir.1969); *Ex parte Marshall,* 72 Tex.Crim. 83, 161 S.W. 112, 113 (1913). In Texas, there is both a constitutional right to a jury trial and a statutory right to a jury trial. TEX. CONST. art. I, § 10 (Vernon 1997); TEX.CODE CRIM.PROC.ANN. arts. 1.12, 1.13, 1.14, 1.15, 37.07 (Vernon 1977 & Supp.2000). However, the Texas Constitutional right to a jury trial does not include the right to have the jury assess punishment. *Ex parte Moser,* 602 S.W.2d 530, 533 (Tex.Crim.App.1980);

*Bullard v. State,* 548 S.W.2d 13, 16 (Tex. Crim.App.1977); *Ex parte Marshall,* 161 S.W. at 113. The statutory right does include the right to have the jury assess punishment. *See* TEX.CODE CRIM.PROC.ANN. arts. 1.12, 1.13, 1.14, 1.15, 37.07 (Vernon 1977 & Supp.2000). Appellant was therefore exercising his statutory right to assessment of punishment by a jury.

Appellant argues that he was exercising his statutory right to have punishment assessed by a jury, that he waived his federal and state constitutional rights to a jury trial, and that therefore he should have been admonished of his rights as required by *Boykin.* This argument conflicts with the law explained in *Williams v. State,*[2] and followed by this Court in *Garcia v. State,* 877 S.W.2d 809, 812 (Tex.App.— Corpus Christi 1994, pet. ref'd).

The jury assessed punishment after appellant pleaded guilty and after he was tried on the charges to which he did not plead guilty. The State cites *Garcia* to support its case that because appellant's plea was before a jury, appellant received a jury trial, and therefore the requirements of *Boykin v. Alabama* were unnecessary. In *Garcia,* a trial court did not admonish an appellant of his right against compulsory self-incrimination, his right to trial by jury, and his confrontation right. *Garcia,* 877 S.W.2d at 812. This Court stated, "Any plea before a jury has always been considered a jury trial" and upheld the judgment of the trial court. *Id.*

Appellant argues that only pleas in capital cases before a jury constitute jury trials, that *Garcia* (a non-capital case) relied on a case that dealt only with capital cases, and therefore we should overrule this Court's decision in *Garcia* and reverse the judgement of the trial court. *See Williams,* 674 S.W.2d at 318. In *Williams,* a defendant was not admonished of his right against compulsory self-incrimination, his right to trial by jury, and his confrontation right when he pleaded guilty

---

**2.** 674 S.W.2d 315 (Tex.Crim.App.1984).

to capital murder and the jury assessed his punishment. *Id.* at 319–20. Appellant points out that the court of criminal appeals stated in *Williams* that "a plea of guilty before a jury in a capital case constitutes a trial by jury." *Id.* at 319. However the *Williams* opinion also explains, "Clearly *any* plea before a jury has always been considered a jury trial." *Id.* at 318. The discussion in *Williams* regarded the statutory right to a jury trial, and here, as in *Williams,* appellant exercised his statutory right to a jury trial.

Appellant points out that unlike non-capital cases and federal capital cases, in state capital cases only a jury may assess the death penalty. TEX.CODE CRIM.PROC. ANN. arts. 1.13, 1.14 (Vernon Supp.2000). But this does not mean there should be a difference in the proceedings for entering a plea in capital cases and non-capital cases. *Williams* provides some history of the right in Texas to plead guilty before a jury. In the past, all felonies had to be pleaded before a jury. *Williams,* 674 S.W.2d at 317. Pleas of guilty in this context were considered jury trials. *Id.* Later, only capital felonies had to be pleaded to juries. *Id.* Defendants may now plead guilty, not guilty, or nolo contendre before a jury in any case. TEX. CODE CRIM.PROC.ANN. art. 26.14 (Vernon 1989). Whether a defendant chooses to plead before a jury in a non-capital case, or is required to do so in a capital case, the effect is the same; the jury hears the plea and, as stated in *Williams,* there is no waiver of a jury trial. *Williams,* 674 S.W.2d at 318.

· The State argues that there is no requirement that a defendant be informed of his right to cross-examine witnesses. The cases the State relies on are not dispositive because, unlike the case before us today, the appellant in each case was at least partially admonished of his rights. *See Vasquez v. State,* 522 S.W.2d 910, 912 (Tex. Crim.App.1975); *Johnson v. State,* 501 S.W.2d 306, 307 (Tex.Crim.App.1973); *Sims v. State,* 783 S.W.2d 786, 789 (Tex.

App.—Houston [1st Dist.] 1990, no pet.). Each of these cases is a part of a line of caselaw that relies on *Rose v. State* 465 S.W.2d 147 (Tex.Crim.App.1971). In *Rose,* the court ruled that "[w]e know of no rule requiring the court to instruct the accused on every aspect of the law pertinent to the case when the accused pleads guilty" when the appellant had been admonished except as to his right to a trial by jury and to the law of circumstantial evidence. *Id.* at 149. This is not the situation before us today.

We decline appellant's invitation to reverse our decision in *Garcia.* Appellant did not need to be fully admonished because he was tried before a jury. Before . the jury at the punishment phase of the trial, he exercised his right to confront opposing witnesses and to refrain from testifying against himself. We uphold appellant's convictions for the charges to which he pleaded guilty.

■ In his second issue for rehearing, appellant argues that because the six-year-old boy denied that appellant committed the offense of aggravated sexual assault, and no evidence was admitted to corroborate his extra-judicial confession, the evidence against him is legally insufficient. On this count, appellant was convicted of intentionally and knowingly causing the six-year-old's penis to penetrate appellant's mouth. The State argues that it met the quantum of proof necessary to corroborate appellant's extra-judicial confession. We disagree.

Neither appellant nor either of his victims provided testimony that he had done this. The boy's grandmother testified about what the boy had told her about the incident, but she did not testify that appellant had put the boy's penis in his mouth. Appellant testified that he did not notice an error in the confession when he signed it, such that the confession should have said that he placed the boy's penis "on" his mouth, not "in" his mouth.

■ An extra-judicial confession alone will not support a conviction. *Chambers v. State,* 866 S.W.2d 9, 15 (Tex.Crim. App.1993); *Self v. State,* 513 S.W.2d 832,

837 (Tex.Crim.App.1974). A defendant's extra-judicial confession must be corroborated by other evidence tending to show that a crime was committed. *Chambers,* 866 S.W.2d at 15–16. The court of criminal appeals reversed a conviction in a case similar to the one before us today. *Smith v. State,* 172 Tex.Crim. 554, 361 S.W.2d 390 (1962). In *Smith,* both an alleged incest victim and perpetrator denied ever having sexual relations. *Id.* at 391. The defendant, the victim's father, had made an extra-judicial confession stating that he had sexual intercourse with his daughter many times. *Id.* The court of criminal appeals reversed, finding no corroboration between the out of court confession and the crime alleged. *Id.* at 391–92.

This case follows *Smith.* The jury received no evidence of the crime other than the out of court confession which appellant denies. We reverse appellant's conviction for aggravated sexual assault for the penetration of appellant's mouth with the six-year-old boy's penis and render an acquittal.

We AFFIRM the judgment of the trial court in part and REVERSE AND RENDER in part.