Affirmed and Memorandum Opinion filed August 18, 2005









Affirmed and Memorandum Opinion filed August 18, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-01070-CR

____________

 

WESLEY ALAN REIS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 337th
District Court

Harris County, Texas

Trial Court Cause No. 924,605

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Wesley Alan Reis, was indicted
for the offense of intoxication manslaughter. 
After the jury was selected and sworn in, appellant pled guilty to
intoxication manslaughter.  After a
hearing on punishment, the jury found appellant guilty of intoxication
manslaughter and assessed his punishment at eight years= incarceration in
the Texas Department of Criminal Justice, Institutional Division.  Appellant contends the trial court=s failure to
admonish him of his right against compulsory self-incrimination, his right to a
jury trial, his right to confront witnesses, and the range of punishment
require reversal of his conviction.  We
affirm.  








In his first three issues, appellant contends that under
the United States Supreme Court=s opinion in Boykin
v. Alabama, he waived his right against self-incrimination, his right to a
jury trial, and his right to confront witnesses, and therefore should have been
admonished of these rights.  395 U.S. 238
(1969).  In Boykin, the Court
stated:  

Several federal constitutional rights are involved in a
waiver that takes place when a plea of guilty is entered in a state criminal
trial.  First, is the privilege against
compulsory self-incrimination guaranteed by the Fifth Amendment and applicable
to the States by reason of the Fourteenth. 
Second, is the right to trial by jury. 
Third, is the right to confront one=s accusers.  

Id. at 243 (citations omitted).  As explained below, appellant=s arguments have
been previously addressed and rejected.  

In his first issue, appellant asserts the
trial court erred in failing to admonish him of his right against
self-incrimination or to obtain a waiver of such right.  However, A[t]here is no
requirement that appellant be informed of his right against self-incrimination
at trial upon a plea of guilty.@  Williams v. State, 674 S.W.2d 315, 320
(Tex. Crim. App. 1984).  In any event,
appellant exercised his right not to incriminate himself when he chose not to
testify during the punishment hearing.  See
Salazar v. State, 31 S.W.3d 726, 729 (Tex. App.CCorpus Christi
2000), rev=d on other grounds, 86 S.W.3d 640
(Tex. Crim. App. 2002) (stating that appellant exercised his right to refrain
from testifying against himself during punishment phase of trial).  Appellant=s first issue is
overruled.  








In his second issue, appellant complains
the trial court erred in not admonishing him of his right to a jury trial or
obtaining a waiver of such right.  The
Texas Court of Criminal Appeal has held that a plea of guilty before a jury is
a trial by jury and does not constitute a waiver of trial by jury.  Williams, 674 S.W.2d at 318.  Appellant suggests the decision in Williams
is Asquarely in
conflict@ with the Supreme
Court=s decision in Boykin.  However, we note that, the Court of Criminal
Appeals decided Williams 15 years after the decision in Boykin.  As an intermediate appellate court, we are
bound by pronouncements of law by the Court of Criminal Appeals, which has
repeatedly and expressly rejected the contention that pleading guilty before a
jury is a waiver of a jury trial.  LeBlanc
v. State, 138 S.W.3d 603, 606 (Tex. App.CHouston [14th
Dist.] 2004, no pet.); Rodriguez v. State, 47 S.W.3d 86, 94B95 (Tex. App.CHouston [14th
Dist.] 2001, pet. ref=d). 


Appellant further contends that Williams
is inconsistent with the later Court of Criminal Appeals opinion, Matchett
v. State, which, according to appellant, implies that a plea before a jury
is not a jury trial because the court found it was error not to provide Article
26.13(a) admonishments[1]
to a defendant who pleaded guilty to a jury in a capital murder trial.  941 S.W.2d 922 (Tex. Crim. App. 1996).  To the contrary, the Matchett court
reiterated the long-established rule that a plea before a jury is not a waiver
of a jury trial and cited Williams in support of that rule.  See id. at 930 (AWhile our language
has emphasized that a plea of guilty before a jury is not a waiver of a
jury trial, . . .@) (citing Holland v. State, 761
S.W.2d 307, 313 (Tex. Crim. App. 1988); Williams, 674 S.W.2d at 319))
(emphasis in original).  Appellant=s second issue is
overruled.  

In his third issue, appellant claims the
trial court erred in not admonishing him of his right to confront witnesses or
obtaining a waiver of such right.  A
defendant, however, does not waive his right to confront and cross-examine
witnesses by pleading guilty before a jury. 
Garcia v. State, 877 S.W.2d 809, 812 (Tex. App.CCorpus Christi
1994, pet. ref=d). 
In any event, the record reflects that appellant exercised his right to
confront witnesses when his trial counsel cross-examined 11 of the 16 witnesses
called by the State during the hearing on punishment, as well as calling four
of his own witnesses.  See Williams,
674 S.W.2d at 319B20 (observing that appellant exercised
confrontation right during jury trial on guilty plea and on punishment); Salazar,
31 S.W.3d at 729 (stating that appellant exercised his right to confront
opposing witnesses during punishment phase of trial).  Appellant=s third issue is
overruled.  








In his fourth issue, appellant complains
the trial court erred in failing to admonish him on the applicable range
of  punishment.  Appellant contends this omission violated the
Fifth and Fourteenth Amendments and that such error is Astructural error,@ requiring
reversal without a harm analysis.  In
support of his position appellant relies again on the Supreme Court=s opinion in Boykin.  However, in Aguirre-Mata v. State, the
Texas Court of Criminal Appeals squarely rejected this contention.  125 S.W.3d 473 (Tex. Crim. App. 2003).  The Aguirre-Mata court explained that Boykin
held it was a due process violation for the trial court to accept the defendant=s guilty plea
without an affirmative showing Aspread on the
record@ that the plea was
Aintelligent and
voluntary,@ and this constitutional error in failing
to make an adequate record required reversal without regard to harm analysis.  Id. at 474B75 (citing Boykin,
395 U.S. at 242B44). 

However, the court further explained that Boykin
Adid not
specifically set out what due process requires to be >spread on the
record= except to say
generally that state courts should make sure that a guilty-pleading defendant >has a full
understanding of what the plea connotes and of its consequences.=@  Id. at 475.  Moreover, ABoykin clearly did not
hold that due process requires the equivalent of the Article 26.13(a)
admonishments or an admonishment on the range of punishment.@  Id. at 476.  The Aguirre-Mata court determined
there was no Supreme Court authority holding either that due process requires
an admonishment on the range of punishment on a guilty plea or that the failure
to give such admonishment renders a guilty plea invalid.  Id. at 475 n.7.  








Instead, the court observed that McCarthy
v. United States, which was decided during the same term as Boykin,
stated the admonishments in the federal equivalent of Article 26.13(a) have A>not been constitutionally
mandated= and that these
admonishments are >designed to assist the district judge in
making the constitutionally required determination that the guilty plea was truly
voluntary.=@  Id. at 475B76 (citing McCarthy
v. United States, 394 U.S. 459, 465 (1969)).[2]  Appellant=s fourth issue is
overruled.  

In his fifth issue, appellant complains
the trial court erred in failing to admonish him on the range of punishment
pursuant to Article 26.13(a) of the Texas Code of Criminal Procedure before
accepting his guilty plea.  The failure
to admonish a defendant on the range of punishment pursuant to article 26.13
prior to accepting a guilty plea is non-constitutional error; therefore, the
harm analysis is to be conducted under Rule 44.2(b) of the Texas Rule of
Appellate Procedure.  Burnett v. State,
88 S.W.3d 633, 637 (Tex. Crim. App. 2002) (citing Aguirre-Mata v. State,
992 S.W.2d 495, 499 (Tex. Crim. App. 1999)); see also Tex. Rule App. P. 44.2(b).  For complaints involving non-constitutional
error, the reviewing court should not overturn a conviction unless, after
examining the record as a whole, it concludes the error had a substantial
influence on the outcome of the proceeding. 
Burnett, 88 S.W.3d at 637 (quoting Bank of Nova Scotia v.
United States, 487 U.S. 250, 256 (1988)). 
In other words, if the reviewing court has Aa grave doubt@ that the result
was free from the substantial influence of the error, then it must treat the
result as if that were the case.  Id.
at 637.  A>Grave doubt= means that >in the judge=s mind, the matter
is so evenly balanced that he feels himself in virtual equipoise as to the
harmlessness of the error.=@  Id. at 637B38 (quoting O=Neal v. McAninch, 513 U.S. 432,
433B36 (1995)).  








In our review, we must examine the record
for indications that appellant was not aware of the consequences of his plea
and whether the trial court=s failure to
admonish him of the punishment range misled or harmed him.  Id. at 638.  Thus, to warrant a reversal, the record must
support an inference that appellant did not know the consequences of his
plea.  Id.  A silent record will support such an
inference.  Id.  We may, however, also consider facts from
which it could reasonably be inferred that appellant knew the consequences of
his plea or was actually aware of the range of punishment.  Id. 


Here, appellant entered his guilty plea
after the jury was selected and sworn in. 
During voir dire, the trial court explained several times that the
felony offense of intoxication manslaughter may be punished by incarceration
for a term of years not less than 2 nor more than 20 years and a $10,000 fine,
and that the jury must be able to consider the full range of punishment.  Similarly, when the prosecutor was allowed to
question the voir dire panel, she emphasized several times that the jury would
have to be able to consider the full range of punishment, reiterating the range
of punishmentC2 to 20 years= incarceration or
probation. 

          After both the State and appellant had
rested, the trial court read the charge to the jury, which stated the range of
punishment.  In his closing argument,
appellant=s trial counsel referred to the range of
punishment, while the prosecutor, in her closing argument, asked for a term of
20 years=
incarceration.  








We find no evidence supporting any
inference that appellant did not know the consequences of his plea, but,
instead, find evidence showing that he knew the range of punishment.  See id. at 641 (concluding, after
examining entire record, there was no evidence to support an inference that
defendant did not know consequences of his plea, but, instead, there was Aa great deal of
evidence@ demonstrating
that defendant was aware of range of punishment, and failure to admonish
neither misled nor harmed defendant).[3]  Therefore, the trial court=s error in failing
to admonish appellant on the range of punishment under article 26.13(a) was
harmless.  Appellant=s fifth issue is
overruled.

Accordingly, the judgment of the trial
court is affirmed.  

 

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed August 18, 2005.

Panel
consists of Justices Yates, Anderson, and Hudson.

Do
Not Publish C Tex.
R. App. P. 47.2(b).











[1]  See Tex. Code Crim. Proc. Ann. art. 26.13(a)
(Vernon Supp. 2004B05).  





[2]  Also in
support of this contention, appellant relies on a dissenting opinion in Aguirre-Mata,
Aguirre-Mata v. State, 125 S.W.3d 473, 484 (Tex. Crim. App. 2003)
(Johnson, J., dissenting) (stating complete failure to admonish under Article
26.13(a)(1) is due process violation, which, under Boykin, is structural
error immune from harm analysis), and two courts of appeals concurring
opinions, Aguirre-Mata v. State, 26 S.W.3d 922, 927 (Tex. App.CHouston [1st Dist.] 2000), aff=d, 125
S.W.3d 473 (Tex. Crim. App. 2003) (O=Connor,
J., concurring on remand) (stating admonishment on range of punishment is
constitutionally required to ensure defendant makes knowing and voluntary
guilty plea, such admonishment is constitutionally protected, and as
constitutional error, it should be reviewed under Texas Rule of Appellate
Procedure 44.2(a)); High v. State, 998 S.W.2d 642, 646B47 (Tex. App.CHouston
[1st Dist.] 1999, pet. ref=d) (Cohen, J., concurring on remand) (stating that
under Boykin, failure to admonish on range of punishment is
constitutional error, error occurs when constitutionally required admonishments
are spread upon record, and absence of such record requires reversal without
allegation or proof of harm).  However,
the Court of Criminal Appeal=s majority opinion in Aguirre-Mata is our
controlling authority and we, accordingly, decline to follow the dissenting and
concurring opinions cited by appellant.  See
LeBlanc, 138 S.W.3d at 606; Rodriguez, 47 S.W.3d at 94B95.  





[3]  Appellant asks this court to adopt
a Rule 44.2(b) (non-constitutional) harm analysis under which there is harm if
there is no direct evidence that a guilty-pleading defendant understood
the range of punishment.  The Court of
Criminal Appeals has rejected this analysisCAthat the record must clearly show that appellant knew the
consequences of his plea.@ 
Burnett, 88 S.W.3d at 638. 
Instead, the correct test is whether anything suggests the defendant Adid not know the consequences of his plea.@ 
Id. (emphasis in original); see also Aguirre-Mata, 125
S.W.3d at 476B77 (observing that record contained
references to correct punishment range and that nothing in record showed appellant
was unaware of consequences of his guilty plea or that he was misled or
harmed).