

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-13-00353-CR
No. 07-14-00423-CR
No. 07-14-00424-CR

_____

TERRY FIELDER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 361st District Court
Brazos County, Texas
Trial Court No. 11-02991-CRF-361; Honorable Steve Smith, Presiding

October 13, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Following an open plea of guilty to a three-count indictment[1] charging aggravated robbery,[2] Appellant, Terry Fielder, was convicted of all three counts with an affirmative

_____

[1] In accordance with the preferred method for entering judgment in a multiple conviction case using the Standard Judgment Forms promulgated by the Office of Court Administration, the trial court entered three separate judgments, one to reflect each conviction. Although originally docketed as a single appeal of the original trial court cause number, we severed this appeal to reflect the better reasoned position that an appellant appeals a *judgment,* not a cause number. *Fielder v. State,* No. 07-

finding on use of a deadly weapon. Punishment was assessed by the trial court at thirty years confinement for each count, ordered to run concurrently. Appellant presents six points of error challenging his conviction. By his first three points, he asserts his due process rights were violated due to the trial court's failure to admonish him of his right against self-incrimination and without a waiver of his right to confront witnesses. He determines that, as a result, his plea of guilty was accepted in violation of article 26.13(b) of the Texas Code of Criminal Procedure. By his fourth and fifth points, Appellant alleges trial court error in overruling his objections to admission of the presentence investigation report (PSI) which included references to extraneous offenses. By his final point of error, Appellant contends the trial court erred in overruling his objection to the admission of evidence, via the PSI, concerning a motion and order dismissing a charge of theft when he was a juvenile. We affirm.

## BACKGROUND

This criminal debacle began when, as a favor to a relative, two brothers attempted to repair the disabled vehicle of a female with whom they were not acquainted. When they failed to get her vehicle repaired, the brothers, each riding in his own vehicle, agreed to offer her a ride. The female rode with one of the brothers in his

---

13-00353-CR, 2014 Tex. App. LEXIS 13370, at *1-2 (Tex. App.—Amarillo Dec. 8, 2014, order) (mem. op, not designated for publication).

Originally appealed to the Tenth Court of Appeals, this appeal was transferred to this court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Tenth Court of Appeals and that of this court on any relevant issue. TEX. R. APP. P. 41.3.

[2] TEX. PENAL CODE ANN. § 29.03(a) (West 2011). Aggravated robbery is a first degree felony. *Id.* at (b). Punishment for a first degree felony is for a term of not more than 99 years or less than 5 years. *Id.* at § 12.32(a).

Crown Victoria while the other brother drove his Buick, accompanied by a friend and a cousin as passengers.

During the drive, the female exchanged numerous text messages with her boyfriend, a co-defendant, and a plan was hatched to coordinate an ambush of the two brothers and hijack their vehicles. Via these text messages, the female was instructed to guide the two brothers to a secluded location where her boyfriend, Appellant, and others would ambush them.

Upon arriving at an abandoned house the female had claimed was her mother's house, the female exited the vehicle just before the two brothers were attacked by gunfire. One brother was shot in the shoulder, and the friend in the other vehicle was shot in the back. The vehicles were stolen, stripped, vandalized, and abandoned under a bridge. The vehicles were later recovered and secured by a towing service to be processed for evidence.

As part of their investigation, law enforcement was eventually directed to Appellant. When interviewed, he admitted his involvement in the ambush, including a confession that he fired a .22 caliber pistol during the robbery. The evidence showed he shot one of the brothers. By a three-count indictment, he was charged with aggravated robbery of each brother and of their friend who was also shot.[3] Appellant entered an open plea of guilty to each count and agreed to have the trial court assess his punishment.

---

[3] The female and her boyfriend were charged as co-defendants. They each pleaded guilty to three counts of aggravated robbery.

**POINTS OF ERROR ONE, TWO, AND THREE**

By his first three points, Appellant challenges the voluntariness of his open pleas of guilty as lacking a proper waiver of his rights. Specifically, he contends his due process rights were violated when (1) he was not admonished of his right against self-incrimination, (2) the trial court accepted his pleas without a waiver of the right to confront witnesses, and (3) his pleas were taken in violation of article 26.13(b) of the Texas Code of Criminal Procedure which requires a defendant to be mentally competent and his plea to be free and voluntary. We disagree with Appellant's challenges.

A guilty plea constitutes a waiver of three constitutional rights: (1) the right against compulsory self-incrimination, (2) the right to a jury trial, and (3) the right to confront one's accusers. *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S. Ct. 1709, 213 L. Ed. 2d 274 (1969). Due process is satisfied if a guilty plea is entered knowingly, intelligently, and voluntarily. *Id.* at 242.

**ANALYSIS**

Appellant and his counsel signed a preprinted document entitled "Defendant's Plea of Guilty, Waiver, Stipulation, and Judicial Confession."[4] He now maintains that

---

[4] Initialed changes to the document include the following:

> 3. ~~That I have the right to remain silent but if I choose not to remain silent, anything I say can be used against me.~~
>
> 4. That I have a right to be confronted by the witnesses against me whether I have a trial in front of the Judge alone or in front of a jury. [In the guilt/innocence portion of the case only] is handwritten on the form.

Under the waiver portion of the document is the following:

4

given his limited education, the struck-through items and the handwritten addition show egregious error resulting in an involuntary plea.

During the plea hearing, the trial court followed the usual admonishments in determining Appellant's intent to plead guilty. His counsel clarified that Appellant's rights were limited per the waiver but that his right to confrontation during punishment was not being limited. Defense counsel commented that he did not know how Appellant's right to remain silent during guilt/innocence would come about given the open pleas of guilty. Following the admonishments, Appellant acknowledged an understanding of the waiver of his rights and his counsel confirmed Appellant's competence to do so. The trial court then made a finding that the pleas and waivers were freely, voluntarily, and intelligently made. It is that finding that Appellant now challenges.

Appellant's arguments have been squarely rejected. There is no requirement that a defendant be informed of his right against self-incrimination at trial on a guilty plea. *Williams v. State*, 674 S.W.2d 315, 320 (Tex. Crim. App. 1984). Additionally, Appellant exercised his right against self-incrimination by choosing not to testify during his punishment hearing. *Salazar v. State*, 31 S.W.3d 726, 729 (Tex. App.—Corpus Christi 2000), *rev'd on other grounds*, 86 S.W.3d 620 (Tex. Crim. App. 2002); *Reis v. State*, No. 14-03-01070-CR, 2005 Tex. App. LEXIS 6598, at *2-3 (Tex. App.—Houston [14th Dist.] Aug. 18, 2005, pet. ref'd) (mem. op, not designated for publication).

6. ~~Waive the right to be confronted with the witnesses against me and request the approval of the Judge to the stipulation of the evidence by waiving the appearance, confrontation and cross-examination of witnesses, and by my further consenting to the introduction of testimony and evidence by stipulation into the record by the attorney for the State, by oral stipulation, or by written statements of witnesses and any other documentary evidence.~~

5

A defendant does not waive his right to confront and cross-examine witnesses by pleading guilty. *Garcia v. State*, 877 S.W.2d 809, 812 (Tex.App.—Corpus Christi 1994, pet. ref'd). When the record reflects that defense counsel cross-examined witnesses and called witnesses for the defendant, the defendant has exercised his right to confront and cross-examine witnesses. Notwithstanding the changes to the documents memorializing Appellant's plea of guilty, Appellant was not deprived of his constitutional right to confront witnesses.

Article 26.13 of the Texas Code of Criminal Procedure permits admonishments to be given orally or in writing. TEX. CODE CRIM. PROC. ANN. art. 26.13(d) (West Supp. 2014). Moreover, substantial compliance by the trial court is sufficient unless the defendant affirmatively shows he was not aware of the consequences of his plea. *Id.* at (c).

To establish a violation of article 26.13, the record must be silent with respect to whether a defendant understood the consequences of his plea. *Davison v. State*, 405 S.W.3d 682, 692 (Tex. Crim. App. 2013). Here, the record reflects that Appellant received written admonishments of the consequences of his plea. The alterations to the document confirm that he read and acknowledged those admonishments. They are initialed by him and his counsel. Appellant did not plead in ignorance of the admonishments required in a guilty plea. We conclude Appellant has failed to demonstrate that his pleas were anything other than freely and voluntarily made. "So long as the record *otherwise* affirmatively discloses that the defendant's guilty plea was adequately informed, due process is satisfied." *Id.* at 687. Points of error one, two, and three are overruled.

## POINTS OF ERROR FOUR AND FIVE

Appellant challenges the trial court's rulings to his objections to admission of portions of the PSI which included charts and references to extraneous acts based on lack of notice by the State and because there was no basis from which the trial court could infer he was criminally responsible for the extraneous acts.[5] We disagree with both contentions.

The trial court may order preparation of a PSI in all non-capital felony cases when the sentence is to be determined by the trial court. TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(d) (West Supp. 2014); *Stringer v. State*, 309 S.W.3d 42, 45 (Tex. Crim. App. 2010). The PSI statute provides in relevant part that:

> before the imposition of sentence by a judge . . . the judge shall direct a supervision officer to report to the judge in writing on the circumstances of the offense with which the defendant is charged, the amount of restitution necessary to adequately compensate a victim of the offense, the criminal and social history of the defendant, and any other information relating to the defendant or the offense requested by the judge.

TEX. CODE CRIM. PROC. ANN. art. 42.12, § 9 (West Supp. 2014). The statute allows inclusion of *any* information relating to the defendant or the offense. *Fryer v. State*, 68 S.W.3d 628, 629 (Tex. Crim. App. 2002).

In *Fryer*, the Court considered what may properly be included in a PSI. *Id.* at 631. Referring to its earlier decision in *Brown v. State*, 478 S.W.2d 550, 551 (Tex. Crim. App. 1972), the Court noted that generally, the rules of evidence do not apply to the contents of a PSI and a trial court may consider evidence that could not have been

---

[5] Appellant filed written objections to the trial court's consideration of the PSI for lack of specificity and lack of notice on certain offenses. He also complained of a chart contained in the report. The objections were, for the most, part overruled.

introduced at the punishment phase due to its subject matter, such as hearsay, an arrest record, or a pending indictment. *Fryer*, 68 S.W.3d at 631. To hold otherwise would "deny the obvious purpose of the statute." *Id.*

Five years after *Fryer*, in *Smith v. State*, 227 S.W.3d 753, 759 (Tex. Crim. App. 2007), the Court considered the convergence of two separate statutes of the Code of Criminal Procedure: article 37.07, section 3(a)(1), which governs the "evidence" that "may be offered" at a punishment hearing and article 37.07, section 3(d),[6] which authorizes a trial court to "consider" the contents of a PSI as authorized by article 42.12, section 9(a) of the Code. In analyzing 1989 and 1993 amendments to the statutes, the Court concluded the Legislature intended to *widen*, not narrow, the scope of what a trial court, as a sentencing entity, is authorized to consider in a PSI. *Id.* at 763.[7] That authority, however, was not unconditional—the proponent of extraneous conduct evidence had to show the conduct was committed beyond a reasonable doubt or that the defendant could be held criminally responsible regardless of whether he had previously been charged with or finally convicted of the extraneous conduct. *Id.* at 759. In other words, it is error to consider extraneous acts in a PSI if no evidence from any source exists from which it may be rationally inferred that the defendant committed the acts. *Id.* But the Court concluded the plain language of article 37.07, section 3(d) places no condition on the trial court in considering the contents of a PSI. *Id.* at 763.

---

[6] Section 3(d) was added in 1981. Prior to that, a PSI was considered only for purposes of deciding whether to grant probation. *Smith*, 227 S.W.3d at 761.

[7] Following the 1993 amendments, the trial court was permitted to consider unadjudicated extraneous crimes or bad acts during sentencing notwithstanding the Texas Rules of Evidence governing the admissibility of extraneous bad acts generally. *Smith*, 227 S.W.3d at 759.

**ANALYSIS**

A trial court's evidentiary rulings are reviewed for abuse of discretion. *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000). Assuming, without deciding, that the trial court abused its discretion in overruling Appellant's objections to the PSI because there was no basis on which to conclude Appellant was criminally responsible for the extraneous acts, we must determine whether the error was harmful.

The erroneous admission of evidence is nonconstitutional error that must be disregarded unless it affects an appellant's substantial rights. TEX. R. APP. P. 44.2(b); *Barshaw v. State*, 342 S.W.3d 91, 93 (Tex. Crim. App. 2011). A substantial right is affected when the error had a substantial and injurious effect or influence in determining the verdict. *McDonald v. State*, 179 S.W.3d 571, 578 (Tex. Crim. App. 2005); *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). Conversely, an error does not affect a substantial right if, after examining the record as a whole, a reviewing court has a "fair assurance that the error did not influence the [trial court], or had but a slight effect." *Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002) (citing *Solomon v. State*, 49 S.W.3d 356, 365 (Tex. Crim. App. 2001)).

The State offered and the trial court admitted State Exhibit Numbers 68, 69, 71, and 72 establishing Appellant's criminal history.[8] Those exhibits included orders and judgments establishing prior extraneous acts. Considering Appellant's concurrent sentences of thirty years confinement given the range of five to ninety-nine years, and in

---

[8] State Exhibit Number 70 is the subject of Appellant's sixth point of error and will be addressed separately.

reviewing the record as a whole, we conclude Appellant's substantial rights were not affected by the information contained in the PSI.

Additionally, Appellant's argument that the State failed to give him notice of its intent to use extraneous acts was rejected in *State v. Hart*, 342 S.W.3d 659, 671 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd).  Article 37.07, section 3(g) of the Texas Code of Criminal Procedure provides that "[o]n timely request of the defendant, notice of intent to introduce evidence under this article shall be given in the same manner required by Rule 404(b), Texas Rules of Evidence."  In *Hart*, the appellate court held the trial court had erred in concluding the State failed to give the defendant notice of its intent to introduce evidence of extraneous offenses in a PSI.  Notice under article 37.07, section 3(g) is not required as to references to extraneous offenses and bad acts contained in a PSI.  *Hart*, 342 S.W.3d at 671.  There is a distinction between evidence of extraneous conduct that is introduced at a sentencing hearing and to which the rules of evidence apply and extraneous conduct information contained in a PSI where the rules of evidence generally do not apply.  *Id.*  The trial court did not abuse its discretion in overruling Appellant's objections to the PSI for lack of notice.  Points of error four and five are overruled.

By his sixth and final point of error, Appellant complains of the admission into evidence of a motion to dismiss a juvenile theft charge (State Exhibit Number 70). Relying on *Herford v. State*, 139 S.W.3d 733, 735 (Tex. App.—Fort Worth 2004, no pet.),[9] he argues there is nothing to show he committed the offense beyond a

---

[9] *Herford* states that appellate courts no longer automatically presume a trial court did not consider inadmissible evidence.

reasonable doubt and that it cannot be determined whether it contributed to his sentence.

During the punishment hearing, the trial court admitted State Exhibit Number 70 and noted that there is nothing to indicate why the case was dismissed. In ruling on Appellant's objection to admission of the exhibit, the trial court announced: "I have admitted that exhibit and I think I made it clear that the exhibit does not indicate what the offense is and so the Court is going to take it for whatever purpose it takes it." Again assuming, without deciding, that the trial court erred in admitting the exhibit, we find Appellant was not harmed. As the State points out, the trial court noted it would "take it for whatever purpose it takes it" and that could have just as likely benefitted Appellant in showing a dismissed case. Appellant's sentence is in the lower range for a first degree felony and the record does not establish he was harmed by the trial court's ruling on State Exhibit Number 70. Point of error six is overruled.

### CONCLUSION

The trial court's judgments are affirmed.

> Patrick A. Pirtle
> Justice

Do not publish.